WILLIAM N. MEARS *vs.* LOUIS E. P. SMITH.

Suffolk.    March 11, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil*, Exceptions, Ordering verdict. *Evidence*, Extrinsic affecting writings. *Contract*, In writing.

Where on motion of the defendant in an action the presiding judge has ordered a verdict for him, and the plaintiff has excepted, upon the argument of the exceptions the ruling of the judge may be sustained upon a ground which was not taken by the defendant at the trial in his argument of his motion to order the verdict.

The rule that an agreement in writing cannot be varied or contradicted by oral testimony is not a mere rule of evidence but is one of substantive law, and rests on the principle that where the parties deliberately have put their agreement

in writing they shall not be allowed to say that the agreement was something else. For this reason testimony at a trial showing an oral agreement which tends to vary the terms of a contemporaneous contract in writing between the same parties can have no effect to change the terms of the contract although it has been admitted without objection and has become a part of the evidence in the case.

If the claim of the plaintiff in an action of contract is founded solely on an oral agreement between him and the defendant, which has been put in evidence but on which the plaintiff has no right to rely because it varies the terms of a contemporaneous contract in writing between them, which also is in evidence, the question of the plaintiff's right to recover properly may be raised by a motion that a verdict be ordered for the defendant, and such a motion must be granted.

In an action by an insurance agent against the general agent of an insurance company upon an alleged oral agreement that if the plaintiff should leave the company at any time the defendant would pay him commissions for two years thereafter on all renewal premiums paid on policies written by the plaintiff for the company, provided the defendant remained with the company, the plaintiff testified that at a certain time negotiations took place between him and the defendant in regard to the signing of a renewal contract of his employment as agent, that the defendant at first refused to renew the oral agreement in regard to commissions on renewal premiums, but that finally the defendant said, in substance, that if the plaintiff would sign the contract the defendant would allow him the commissions for two years in case he should leave the company at any time, that the plaintiff asked the defendant to put that into the contract, but that the defendant said that he could not do that as the company would not indorse the contract, but that he would agree orally to pay the commissions so long as he remained with the company, and that shortly after this conversation the renewal contract of the plaintiff's employment as agent was signed by the plaintiff and the defendant, and continued in force until the plaintiff severed his connection with the company. No objection was made to the admission of the testimony in regard to the oral agreement. The contract in writing provided in detail what commissions on renewals and other premiums should be paid to the plaintiff, and also provided for the payment in certain contingencies of commissions on renewal premiums for two years after the plaintiff should have ceased to act as agent of the company. The contract also contained the following provision: "It is further understood and agreed that upon the discontinuance of this contract in any way, all interest of said agent in this contract in commission on premiums shall revert back to said general agent, except as above mentioned and upon the deferred semi-annual and quarterly premiums on new business, unless it is otherwise specially agreed." The plaintiff contended that by the oral contract sued upon by him it was "otherwise specially agreed" within the meaning of the phrase last quoted. *Held*, that the phrase relied upon by the plaintiff referred only to future special agreements and did not mean that the contract in writing could be rendered nugatory by contemporaneous oral agreements; therefore, that, without considering certain other provisions of the contract in writing which appeared to be fatal to the plaintiff's contention, and without considering whether the alleged agreement was within the statute of frauds as one not to be performed within a year, or other matters of defense, the plaintiff could not be allowed to recover on the oral agreement which by his own testimony varied the terms of the agreement in writing between him and the defendant, and that a verdict properly was ordered for the defendant.

MORTON, J.   This is an action of contract to recover commissions on renewal insurance premiums under an oral agreement alleged to have. been made between the plaintiff and defendant in October, 1897.   The premiums on which it is sought to recover commissions were paid between March 1, 1902, and January 15, 1903.   At the close of the plaintiff's evidence the judge, on the defendant's motion, ordered a verdict for the defendant, and the case is here on exceptions by the plaintiff to the ruling thus made.   The plaintiff also excepted to the exclusion of certain evidence, but those exceptions have not been argued, and we, therefore, treat them as waived.

There was evidence tending to show that the defendant had been for many years a general agent of the Northwestern Mutual Life Insurance Company in Boston, and that in the spring of 1896 the plaintiff became a special agent of that company under the defendant pursuant to a written contract entered into between them bearing date May 1, 1896, and expiring August 1, 1897.   This contract was substantially the same as the renewal contract subsequently entered into between the plaintiff and the defendant dated October 6, 1897, in connection with which the alleged oral agreement was made.   The plaintiff testified, in substance, that, in connection with the signing of the contract of May 1, 1896, the defendant orally agreed that if the plaintiff should leave the company at any time he would pay him commissions for two years thereafter on all renewal premiums paid on policies written by the plaintiff for the company, provided the defendant remained with the company.   The plaintiff also testified that in the year 1897 negotiations took place between himself and the defendant in regard to the signing of a renewal contract, and that the defendant, at first, refused to renew the oral agreement in regard to commissions on renewal premiums, but that finally the defendant said, in substance, that if the plaintiff would sign the contract he would allow him the commissions for two years in case he should leave the company at any time ; that the plaintiff asked the defendant to put that into the contract, but that the defendant said that he could not do that as the company would not indorse the contract, but that he would agree orally to pay the commissions so long as he remained with the company, and that, shortly after this conversation, the renewal

contract was executed by the plaintiff and the defendant. The plaintiff continued under this contract until March, 1902, when he severed his connection with the company. The plaintiff further testified that he kept an account of the policies which he wrote, and that his claim was made up from the account thus kept. There was no other evidence in regard to the amount of renewal premiums received by the company on policies written by the defendant. The exceptions recite that at the argument on the motion that a verdict be directed for the defendant "no claim was made on this point," but it is immaterial whether there was or not so far as the right of the defendant to take advantage of it now is concerned. No objection was made to the introduction of the testimony in regard to the oral agreement.

We are of opinion that the ruling was right. The written agreement provides in detail what commissions on renewal and other premiums shall be paid, and when, and also provides for the payment in certain contingencies of commissions on renewal premiums for two years after the plaintiff shall have ceased to act as agent for the company. The oral agreement provided, in effect, that if the plaintiff should leave the company at any time and under any circumstances he should receive commissions on renewal premiums for two years thereafter, and therefore tended directly to vary and add to the written contract and testimony tending to support it was incompetent and could not properly be considered. The rule forbidding the introduction of parol testimony to vary or contradict a written agreement is not merely one of evidence, though commonly, perhaps, so spoken of, but one of substantive law, and rests on the doctrine that when parties have deliberately put their agreements in the form of a written contract they shall not be allowed to show that the agreement was something else. The rule is not affected in its application by the fact that incompetent parol testimony is introduced without objection. *Black* v. *Bachelder*, 120 Mass. 171. Thayer, Prelim. Treat. on Ev. 390 *et seq.* Inasmuch as the only foundation for the plaintiff's claim was the oral agreement alleged to have been entered into, it follows that, if he cannot be allowed to show the oral agreement, he cannot maintain his action. The question whether he could maintain his action in any aspect

of the case was properly raised by the motion to direct a verdict for the defendant.   See *Black* v. *Bachelder, ubi supra.*

The plaintiff contends, however, that the evidence was admissible under the provision in the contract that " it is further understood and agreed that upon the discontinuance of this contract in any way, all interest of said agent [the plaintiff] in this contract in commission on premiums shall revert back to said general agent, except as above mentioned and upon the deferred semi-annual and quarterly premiums on new business, unless it is otherwise specially agreed."   And he says that it was " otherwise specially agreed " in this case.   One answer that could be made, perhaps, to this contention is that the contract subsequently provides that " nothing shall be construed as a deviation from the terms of this contract or as a waiver of any of the rights and privileges of said general agent or the said company, except a written memorandum in each instance expressing such waiver and subscribed by the party against whom such waiver shall be claimed."   If the oral agreement is to be construed as a deviation from the terms of the contract, then, clearly, this provision was not complied with.   It might also be said that the oral agreement was inconsistent with another provision of the contract, namely: " And it is further agreed by said agent [the plaintiff] that he will do no business for any other insurance company so long as he retains an interest in this contract without first obtaining the written consent of said general agent."   The oral agreement would permit the plaintiff to leave and go to work for another insurance company without obtaining the defendant's written consent, and, at the same time, to retain an interest in the contract.   But we think that the true construction of the phrase relied on is that it refers to the future.   Otherwise it would be competent for the parties by a contemporaneous oral agreement to render nugatory one or all of the elaborate provisions contained in the written contract in relation to the payment of commissions and in relation to other matters.   Such a result could not, we think, have been intended by the parties.   See *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449 ; *Barrett* v. *Union Ins. Co.* 7 Cush. 175.

The defendant further contends that the ruling can be supported on the ground that the agreement was within the statute

of frauds as not to be performed within one year, and on the ground that there was nothing to show, as the case was left, that any, and, if any, what premiums had been paid, and therefore nothing to show what, if anything, the plaintiff was entitled to. But in view of the conclusion to which we have come on the other branch of the case, it is not necessary to consider the questions thus raised.

*Exceptions overruled.*

*A. Lincoln*, for the plaintiff.

*H. W. Dunn*, (*J. N. Clark* with him,) for the defendant.