CHAUNCY W. BROWN *vs.* FREDERICK J. QUINBY COMPANY.

Suffolk.    November 9, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* What constitutes, Termination.    *Agency.*

In an action of contract against a Massachusetts corporation for an alleged breach of an oral agreement to employ the plaintiff for one year at a fixed rate of compensation, it appeared that the alleged oral agreement was made between the plaintiff and an agent acting for the defendant, that the plaintiff entered the defendant's employ under this agreement and rendered services for a little more than four months, when he was discharged by the defendant, and that there was a balance due him when he was discharged. It also appeared that, a few days after he entered the defendant's employ, he executed an agreement in writing purporting to be made between him and another corporation of the same name as that of the defendant, organized under the law of the State of New York, which was signed by the same agent of the defendant purporting to act as treasurer of such New York corporation. This instrument in writing provided for the employment of the plaintiff by the New York corporation during the year covered by his oral contract with the defendant. No such New York corporation was in existence, and both the plaintiff and the defendant's agent understood that the New York corporation had not been organized, and that the new agreement

was not to become binding until that corporation had been organized completely and had taken a transfer of the defendant's business, and it did not appear and was not contended that these things ever had been done. The defendant in substance asked the judge to rule that the oral agreement between the plaintiff and the defendant was terminated by the new agreement in writing made between the plaintiff and another party, and that the plaintiff's services thereafter must be taken to have been rendered under such agreement in writing, and therefore that the plaintiff could not recover. The judge refused to make this ruling, and ruled that the alleged contract in writing was void as purporting to be made by a corporation not in existence, and the jury returned a verdict for the plaintiff. On exceptions alleged by the defendant, it was *held*, that the judge's refusal of the ruling requested by the defendant was right, and that the defendant could not have been harmed by the judge's ruling that the agreement in writing was void, because, even if the defendant's agent could have been bound by it personally on the ground that he had held himself out as the agent of a non-existing principal, the instrument could not affect the relations between the plaintiff and the defendant.

CONTRACT, against a corporation organized under the laws of this Commonwealth, for a balance alleged to be due to the plaintiff for services. Writ dated October 9, 1906.

The declaration contained three counts. The first count was for damages for an alleged breach of an oral agreement to employ the plaintiff as manager of the defendant's subscription department for one year from August 30, 1904, and to pay him $50 a week and his incidental expenses. The second count alleged a breach of a contract of the same character made in writing, claiming $500 as liquidated damages by the terms of that contract. The third count was on an account annexed for a balance of $759.44, including in the account an item for liquidated damages. The defendant's answer was a general denial.

In the Superior Court the case was tried before *Pierce*, J. The facts which appeared or were admitted at the trial are stated in the opinion. The agreement in writing referred to in the opinion, executed by the plaintiff and purporting to be executed by a corporation of the same name as that of the defendant, organized under the laws of the State of New York, but not in fact in existence and known by the persons who signed it not to be so, was as follows:

"Agreement made this 30th day of August, 1904, between The Frederick J. Quinby Company, a corporation incorporated under the laws of the State of New York, party of the first part,

and Chauncy W. Brown, of the Borough of Brooklyn, City and State of New York, party of the second part.

"In consideration of one dollar ($1.00) by each to the other in hand paid, the receipt whereof is hereby acknowledged and in further consideration of the promises hereinafter set forth, the party of the first part hereby employs the party of the second part for the term of one year, with the privilege to the party of the first part to renew this contract for a further term of one year, upon giving written notice to the party of the second part thirty (30) days before the termination of this contract, as follows:

"The party of the first part hereby agrees to employ the party of the second part and the party of the second part hereby agrees to enter the employ of, and to faithfully and diligently serve the party of the first part throughout the entire term of this employment as manager of the subscription department of the party of the first part, and also as a person in charge of the office of the party of the first part.

"The party of the second part is to devote all his time and attention to the affairs of the party of the first part during the term of the employment and to perform such work as the position requires and such other work as he may be directed to perform by the party of the first part or its officers.

"The party of the second part is to receive a salary of fifty dollars ($50.00) per week, payable at the end of each week, during the term of this contract. In addition thereto, the party of the second part is to receive a commission of two and one-half (2 1/2) per cent on all sales effected by him, or by agents who have not heretofore been connected with the party of the first part. The said commission of two and one-half (2 1/2) per cent shall not be due and payable, however, until thirty-three and one-third (33 1/3) per cent of the entire purchase price has been paid by the purchaser pursuant to the terms of the contract.

"And for the true and faithful performance of all and every of the covenants and agreements above mentioned, the parties to these presents bind themselves, each to the other, in the penal sum of five hundred dollars ($500), as liquidated damages to be paid by the failing party.

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.

" Signed, sealed and delivered
        in the presence of
                " Arthur C. Brown.

                        " Chauncy W. Brown,
[Seal]                      The Fred'k J. Quinby Co.
                            Fred'k J. Quinby, Treas."

$$\left\{ \begin{array}{c} \text{The Frederick J. Quinby Co.} \\ 1901 \\ \text{Boston, Massachusetts} \end{array} \right\}$$

At the close of the evidence, the counsel for the defendant asked · the judge to order a verdict for the defendant. This the judge refused to do. The counsel then asked for a ruling that there could be no recovery on the count which set up the written contract. This was granted, the judge stating that the written contract was void because at the time it was signed the New York corporation had not been formed. The counsel for the defendant further asked for a ruling, that so far as the plaintiff and the defendant were concerned the situation was that the plaintiff rendered certain services to the defendant without a definite contract, for which he had been paid, and further that the question whether or not the plaintiff had an express contract with the defendant was a question for the court. The judge ruled that this was a·question for the jury. The counsel then asked the judge to rule that the written contract superseded the oral contract, and that therefore the only contract in existence was the written contract. The judge ruled (on the assumption that the law in New York is the same as the law in Massachusetts) that it was an attempt to enter into an impossible contract and that the written contract was null and void. The counsel then asked the judge to rule that there could be no recovery on the account annexed, because it appeared from the evidence that the plaintiff had been fully paid for services rendered to the Massachusetts company, the defendant. This ruling the judge refused to make. The above requests for rulings were made orally during a discussion of the law applicable

to the evidence had between the judge and counsel, and at the conclusion thereof exceptions were noted for the defendant by the judge.

The judge charged the jury in accordance with the above rulings, and the jury returned a verdict for the plaintiff in the sum of $759.40. The defendant alleged exceptions.

*A. T. Johnson,* for the defendant.

*C. A. Warren,* for the plaintiff.

SHELDON, J. The defendant, a corporation organized under the laws of this Commonwealth, acting through one Quinby, its authorized agent, agreed orally to employ the plaintiff for a period of one year from August 30, 1904, at a fixed rate of compensation. The plaintiff entered the defendant's employment under this agreement, and rendered services to it as agreed until January 7, 1905, when he was discharged. The defendant had paid him for services in full up to November 12, 1904, and in part after that time, but there was a balance due to him when he was discharged. These facts were either not in dispute at the trial, or appear to have been found by the jury. Upon these facts, the plaintiff was *prima facie* entitled to recover; and no question comes before us upon these exceptions as to the plaintiff's claim made in the account annexed to his third count for liquidated damages for the defendant's breach of agreement. Nor was any contention made by the defendant that the agreement set up by the plaintiff was made before August 30, 1904, and so was not to be performed within one year, and could not be enforced under the provisions of R. L. c. 74, § 1, cl. 5, which was not repealed by St. 1908, c. 237. But the judge ruled that the plaintiff could not recover under his count on the written contract hereafter mentioned, being the second count of his declaration.

It appears that the plaintiff, after his oral agreement with the defendant and a few days after he had entered into the defendant's employ, executed a written agreement purporting to be made with another corporation of the same name as the defendant, but which it was recited in the agreement was "incorporated under the laws of the State of New York," and which purported to be executed by Quinby as the treasurer of that corporation. In this contract the New York corporation agreed to employ the

plaintiff and he agreed to give to it his services for the same time, with provisions for his compensation and other terms substantially but not exactly the same as had been stipulated for in the plaintiff's oral agreement with the defendant.  This new written agreement accordingly covered the same subject matter, the plaintiff's employment and his compensation, as had been covered by his previous agreement with the defendant.  The defendant contends that the previous oral agreement was ended by the new written agreement made with another party; that the plaintiff's services thereafter must be taken to have been rendered under the new agreement to the New York corporation; and so that he can sustain no claim for compensation or damages against the defendant.  This contention the defendant presented to the judge in various requests for rulings, which were refused, and it seeks now to maintain the contention before us.

But the new agreement, made by the plaintiff with a third party, was *res inter alios acta* as to the defendant.  It would not affect the relations between these parties unless it was shown to have been intended to do so (*Corey* v. *Woodin*, 195 Mass. 464, 470; *Edgar* v. *Breck & Sons Corp.* 172 Mass. 581, 583), or unless it was shown to have been acted upon between the parties to the new agreement so that the plaintiff's services since its making must be found to have been rendered to the New York corporation.  But neither of these circumstances was shown or was asserted at the argument before us to have existed.  The rights of the parties to this action were fixed by their oral agreement (*Picard* v. *Beers*, 195 Mass. 419), and must continue until that agreement either had expired by its own terms or had been terminated by the parties to it or by operation of law.

It cannot be said as matter of law that the plaintiff's oral agreement with the defendant was merged into his subsequent written agreement with the New York corporation within the meaning of the decisions relied upon by the defendant.  Even as between the parties to that agreement it would have been competent to show by oral evidence that it had been executed and delivered upon the oral condition that it should take effect only after the New York corporation had completed its organization and had taken over the defendant's business.  *Elastic Tip Co.* v. *Graham*, 185 Mass. 597.  *Hill* v. *Hall*, 191 Mass. 253,

265. *Stevens* v. *Stevens*, 150 Mass. 557. *Wilson* v. *Powers*, 131 Mass. 539, 540. And see *Fleming* v. *Morrison*, 187 Mass. 120. *A fortiori* this must be so when the question arises between third parties.

It is not material here whether the new agreement could or could not have been enforced by the plaintiff against Quinby personally, on the ground that he had held himself out as the agent of a non-existent principal. *Anthony* v. *Butler*, 13 Peters, 423, 433. *Kelner* v. *Baxter*, L. R. 2 C. P. 174. In this case both the plaintiff and Quinby understood, as was the fact, that the New York corporation had not been organized, and that the new agreement was not to become binding until that corporation had become completely organized, had taken a transfer of the defendant's business, and had itself begun the transaction of business. But it did not appear and has not been contended that these things ever were done. The plaintiff never had entered the service of the New York corporation. Under these circumstances the defendant was not harmed by the ruling of the judge that the new agreement was void; it was at least inefficacious as to the relations between the plaintiff and the defendant. There never had been any intention of diverting the services of the plaintiff away from the defendant to the New York corporation except upon the happening of future events, one of which would have required the defendant's consent, and none of which have been found or shown to have happened.

What we have said disposes of all the contentions that were made at the argument. The rulings which were refused ought not to have been given; and the defendant has no right of exception to those which were made.

*Exceptions overruled.*