BARNET GOLDENBERG & another vs. ANIELLO A. TAGLINO.

Suffolk.    March 19, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Equity Pleading and Practice*, Master's report.   *Contract*, In writing.

In a suit in equity, where a master's report does not state the evidence, the findings of the master cannot be reversed unless wrong as matter of law, and in the present case a finding by a master, that the state of an account between the parties had not been changed by an announcement made by the plaintiff to the defendant that he intended to charge off a counter claim of the defendant against his own claim, was held to disclose no error of law.

Where the parties to a contract without fraud or mistake have reduced it to writing in language that is not obscure, it is held to express the final conclusion reached, and all previous and contemporaneous oral discussion and written memoranda are assumed to have been rejected or to have been merged in it. Thus in a contract in writing, by which G purchased from T the controlling interest in a certain corporation, the stipulation, "G agrees that so long as he and T are stockholders in said corporation T shall continue in the employ of the corporation," cannot be varied or amplified by oral evidence in regard to matters which were agreed upon in the negotiations that resulted in the contract.

RUGG, C. J.   This is a bill in equity for the specific performance of a contract to which the parties were the plaintiff Goldenberg, the plaintiff corporation, the defendant, a brother of the defendant and another person named Frangipane. The plaintiffs' exceptions to the master's report were sustained and those of the defendant overruled, and, after a decree for the plaintiffs,* the case is brought here by the defendant's appeal.

The contract, out of which the suit grows, related primarily to the purchase by the plaintiff Goldenberg from the defendant of the controlling interest in the plaintiff corporation, with many ancillary clauses.   By one of these the defendant guaranteed all outstanding accounts then due to the corporation, and agreed that it should have a lien on his stock and on any sums due him from it to secure the performance of his guaranty.   The master found that there was due on this account from the defendant an

---

* Made by *Pierce*, J.   The master was Burton Payne Gray, Esquire.

amount in excess of $3,000 with interest at six per cent from the filing of the bill. He further found that on August 9, 1911, the plaintiff corporation owed the defendant $2,250.57, which by agreement was to bear interest at four per cent, and that two days before this suit was brought the plaintiffs notified the defendant that it had decided to charge off this loan against an equivalent amount due on the guaranteed accounts, but that this never had been done. The plaintiffs alleged in their bill that this amount had been so charged off as was permitted by the contract, and that the plaintiff corporation had notified the defendant that it had decided so to charge it off. Standing alone this would have bound the plaintiffs, and (if admitted by the defendant) they would not have been allowed to take a position in conflict with the case as stated in their bill. But the defendant, although admitting that he received the notice, specifically denied the other allegations upon this point. It thus became an issue between the parties upon which the master was obliged to pass. The evidence is not reported, and the master's report cannot be overturned unless wrong as matter of law. Notice by the plaintiffs of a decision on their part to charge the indebtedness against the amount due on the guaranty was not equivalent to doing so. Until it actually was done the state of the account was not changed by the forming of a purpose to that end. No error is shown in this regard.

It was provided by clause 2 of the contract that fifty-four shares of stock in the corporation were transferred to the plaintiff Goldenberg, and one more to his nominee, by the defendant, "with the understanding and agreement of all parties hereto that the said shares are a controlling interest in said corporation and are to carry all the incidents of control, excepting in so far as hereinafter limited;" while by clause 16, "Goldenberg agrees that so long as he and A. A. Taglino are stockholders in said corporation A. A. Taglino shall continue in the employ of the corporation." Against the objection and subject to the exception of the plaintiffs, the master received evidence and made a finding thereon to the effect that in the course of the negotiations resulting in the contract the parties mutually agreed that the defendant should act as "inside salesman" and have general charge of the shipping department of the corporation, and that the salaries of Golden-

berg and the defendant should be the same so long as the latter continued in the employment, and that the plaintiff had violated the terms of this agreement. There was error in this respect, and the judge was right in sustaining the plaintiffs' exceptions. Where parties, without fraud or mistake, have reduced to writing a contract, it is presumed alone to express the final conclusion reached, and all previous and contemporaneous oral discussion, or written memoranda, are assumed to be either rejected or merged in it. *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501. *Jennings* v. *Puffer,* 203 Mass. 534. This is not simply a rule of evidence, but also one of substantive law, affecting the rights of the parties as secured through the written agreement. *Mears* v. *Smith,* 199 Mass. 319. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. When the written agreement in any respect is uncertain or equivocal in meaning, all the circumstances of the parties leading to its execution may be shown for the purpose of elucidating, but not of contradicting or modifying its terms.

In the case at bar the terms of the contract were not obscure. The transfer of the stock expressly is stated to carry with it all the incidents of majority ownership, except as modified by its other provisions. The agreement to employ the defendant so long as he and Goldenberg remain stockholders is explicit and is not open to misunderstanding. It means general employment at reasonable work in accordance with capacity for useful service for fair compensation. These two clauses of the agreement considered together are incompatible with the further idea of fixed continuance in a particular position involving something of executive responsibility at a compensation to correspond with that of someone else. They preserve to the defendant a permanence of opportunity to labor, as a stockholder and a former owner under such an agreement might reasonably expect, for a rational wage at a task commensurate with his ability, training and faithfulness, so far as may be afforded by the extent of the business and the dominant responsibility for the general success of the venture resting upon the owners of the majority of the stock. The particular agreement found by the master to rest upon this outside oral evidence was not in addition to the terms of the written contract as to a point where it was silent, but was contradictory to the implications arising from its express words. In this respect the case at bar

is similar to and governed by *Violette* v. *Rice,* 173 Mass. 82, *DeFriest* v. *Bradley,* 192 Mass. 346, *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53, *Mears* v. *Smith,* 199 Mass. 319, and is different from *Stoops* v. *Smith,* 100 Mass. 63, *Keller* v. *Webb,* 125 Mass. 88, *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193, and cases of that sort relied on by the defendant.

The pleadings do not deal with the subject of the defendant's wages. Although the findings of the master cover this point, the plaintiff's exception thereto was sustained and the final decree obviously omits any consideration of the matter. The defendant is ordered to pay simply the amount of accounts guaranteed by him and otherwise due from him, and is credited only with his loan to the corporation. If the defendant had desired to have this matter adjudicated, he should have brought it in issue in some way by proper amendments to the pleadings either in this suit or in his cross bill and by a motion to recommit the case to the master. At all events, it is not now before us.

*Decree affirmed with costs.*

*E. A. Howes, Jr.,* for the defendant.
*J. W. Fowler,* for the plaintiffs.

