ANTHONY O'MALLEY & another vs. LYDIA J. GRADY.

Worcester.    October 4, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* In writing. *Evidence,* Extrinsic affecting writings. *Landlord and Tenant.*

In an action to recover the amount of rent paid in advance under a lease in writing
    for one year of certain fixtures and furniture, where by the terms of the lease
    the rent was to be paid in advance unconditionally, the plaintiff cannot be per-
    mitted to show that by an oral agreement between the parties the sum paid in
    advance was to be refunded if the plaintiff failed to obtain a license to sell in-
    toxicating liquors on the premises and that he had failed to obtain such a li-
    cense; because this oral agreement contradicts or modifies the terms of the lease
    in writing.   Disapproving a dictum to the contrary of *Wilde,* J., in *Browning*
    v. *Haskell,* 22 Pick. 310, 311.
And, where in such an action the oral agreement is admitted in evidence and
    becomes a part of the case, it cannot control the contract in writing, and
    the defendant is entitled to judgment.

LORING, J.    The circumstances which gave rise to this action
were as follows:  In the latter part of April, 1914, the selectmen
of Clinton voted to issue a liquor license to the plaintiffs "to be
exercised upon certain premises."   The plaintiffs made applica-
tion to the board of selectmen to transfer this license to premises
controlled by the defendant.   While this application for transfer
was pending the plaintiffs and the defendant executed a lease of
the fixtures and furniture on the premises to which the plaintiffs
wished to have their liquor license transferred.   This was a lease
dated April 28, 1914, for the term of one year from the first day
of May, 1914.   The rent stated in the lease was $350, to be paid
in advance.   The plaintiffs were allowed by the judge to intro-
duce evidence that at the time when the plaintiffs signed the lease
the plaintiffs' attorney said to the defendant, "What if we don't
get our transfer?"  to which the defendant answered, pointing
to the lease, "If you don't get your transfer that don't go.  You
will get your money back."   To this one of the plaintiffs said,
"Do we get our money back?" and the defendant answered,
"I think you know me well enough to trust me."   The plaintiffs'
attorney further testified that it was not suggested that the lease
should be held in escrow.   The lease then was signed and delivered
by the defendant to the plaintiffs and the plaintiffs paid the de-

.fendant the $350 which was to be paid in advance. The defendant testified that no such conversation took place. Later the selectmen refused to grant the transfer of the liquor license for which the plaintiffs had asked. Thereupon the plaintiffs asked for the repayment of the $350. On the defendant's refusal to make repayment this action was brought.

The case was tried before a judge of the Superior Court * sitting without a jury. The judge "found for the defendant, and filed" a "memorandum of decision," in which he found that the oral agreement testified to by the plaintiffs was in fact made but that "it was not agreed that the lease was to be held in escrow, or delivered upon condition, or that the money paid thereunder was to be held upon condition." He further stated in the "memorandum" that "the defendant objected to the admission of the oral testimony" as to what took place at the time of the execution of the lease; "but in order to fully find the facts, I admitted said evidence subject to her exception. But upon the facts found, I rule as a matter of law that the plaintiffs cannot recover, and direct a finding for the defendant. If my ruling is erroneous, a finding for the plaintiffs is to be entered for $350 with interest from the date of the writ. It is agreed by the parties that if the oral testimony above referred to was not properly admitted, the defendant's exception to its admission is to be sustained and judgment is to be entered for the defendant."

The evidence admitted contradicted the terms of the lease. The lease by its terms provided that the defendant demised to the plaintiffs the fixtures and furniture in question for a year, to be paid for in advance. The oral agreement provided that if the transfer of the liquor license asked for by them should not be granted the lease should terminate or not go into effect and the rent should be repaid. It is plain that this oral agreement contradicts or modifies the terms of the lease, and that it is not an oral agreement collateral to the written agreement which does not modify or contradict the written lease. A collection of cases of that kind may be found in Keith v. Radway, 221 Mass. 515, 517.

It is not necessary to collect the cases on the well settled proposition that an oral agreement is not admissible to contradict or modify a written contract. For some of the recent cases see

* Jenney, J.   Both the plaintiff and the defendant alleged exceptions.

*Taylor* v. *Goding,* 182 Mass. 231; *Gaston* v. *Gordon,* 208 Mass. 265; *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194; *Goldenberg* v. *Taglino,* 218 Mass. 357.

It also is settled that where the oral testimony is admitted it does not control the written contract. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122.     *Mears* v. *Smith,* 199 Mass. 319. *Black* v. *Bachelder,* 120 Mass. 171.

We have examined all the cases cited by the plaintiffs and with the exception of a dictum in *Browning* v. *Haskell,* 22 Pick. 310, 311, there is nothing in them which gives countenance to their contention. There is a dictum in *Browning* v. *Haskell* which does help the plaintiffs. That was an action for use and occupation of a farm. In defence the defendant set up a written lease of the farm and called a subscribing witness to prove its execution. The subscribing witness testified that when the lease relied upon by the defendant was executed the plaintiff at first refused to sign it because it did not conform to the previous verbal agreement; that the defendant thereupon said he could not go upon the farm unless she signed it, but if she would sign it he would bring up Colonel Kent with him in two or three days and have the lease made out according to the verbal agreement. That the plaintiff thereupon signed the lease; that the defendant came to her house in two days and then she called upon him "to make the lease according as he had agreed," which he refused to do. Upon this evidence the judge at the trial ruled that the execution of the lease was not proved "except upon a condition which had not been performed," a verdict was found for the plaintiff, and the defendant moved for a new trial. The new trial was granted on the ground that the evidence did not prove a conditional execution or delivery of the lease. Wilde, J., in delivering the opinion of this court, said: "In the present case, the parol evidence did not prove any condition, but only that the lessor was induced to sign the lease, on a promise of the lessee which afterwards he refused to perform. He undoubtedly would be responsible, according to the evidence, in an action for the breach of that promise." The statement that the lessee "undoubtedly would be responsible, according to the evidence, in an action for breach of that [the oral] promise," is not in accord with the later authorities and cannot be taken to be law now.

By the terms of the stipulation stated in the bill of exceptions the entry must be

> *Plaintiffs' exceptions overruled; defendant's exceptions sustained; judgment for the defendant.*

*G. E. O'Toole,* for the plaintiffs.

*T. L. Walsh, C. B. O'Toole & J. H. Walsh, Jr.,* for the defendant, submitted a brief.