HARRY SPEVACK & another vs. LOUIS BUDISH.

Suffolk.    January 19, 1921. — March 10, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

Contract, Construction, In writing.  Evidence, Extrinsic affecting writings, Pre-
    sumptions and burden of proof.  Municipal Court of the City of Boston, Re-
    port.  Practice, Civil, Report in Municipal Court of the City of Boston,
    Ordering judgment.

A provision in a contract in writing, the parties to which were two real estate
    brokers and two persons who were exchanging real estate, reading, "It is
    hereby agreed and understood that [one of the parties exchanging real estate] is
    to pay to [the brokers] the sum of $100 as commission, and the said [the other
    party exchanging real estate] is to pay to the said [brokers] the sum of $50 as
    commission," is an unconditional promise to pay to the brokers a definite
    amount without any contingency, and, no time being fixed for payment, the
    amount named was payable on demand.
The bringing of an action by the brokers upon the contract above described con-
    stituted a demand.
Where, at the time of a ruling by a judge of the Municipal Court of the City of
    Boston admitting certain evidence at the trial of an action at law, the plaintiff
    does not claim a right to a report to the Appellate Division under St. 1912, c. 649,
    § 8, he cannot gain a right to have the question of the admissibility of the evi-
    dence reviewed by filing a written claim of report within two days thereafter,
    and such later request for a report properly may be refused.
The express terms of the contract in writing above described cannot be varied nor
    affected, at a trial of an action by the brokers upon the contract, by evidence of
    an antecedent oral agreement to the effect that the brokers should not be en-
    titled to their commission unless the exchange of properties actually should
    come to pass.
At the trial of the action above described, the original employment of the plain-
    tiffs and the execution of the contract which was the basis of the action were
    not in issue.  Held, that no question of fact was in issue and a request by the
    plaintiffs for a ruling, that on all the evidence they were entitled to a finding,
    should have been granted.

CONTRACT for $100, alleged to be due as a commission for pro-
curing an exchange of real estate.  Writ in the Municipal Court
of the City of Boston dated December 20, 1917.

The answer was merely a general denial.  The evidence and
course of the trial in the Municipal Court is described in the
opinion.  The judge found for the defendant and at the request

of the plaintiffs reported the case to the Appellate Division. The substance of the report is described in the opinion.

The Appellate Division ordered the report dismissed. The plaintiffs appealed.

*E. M. Dangel*, for the plaintiffs, submitted a brief.

No counsel appeared for the defendant.

JENNEY, J. The plaintiffs, who are real estate brokers, were employed by the defendant to procure a sale or an exchange of real estate belonging to him. They brought Abraham Golder to his attention. As a result, on December 11, 1917, a written contract was made by which Golder and the defendant agreed to exchange properties. This contract contained the following paragraph: "It is hereby agreed and understood that the said Louis Budish is to pay to Harry Spevack and Myer Pave the sum of one hundred (100) dollars as commission, and the said Abraham Golder is to pay to the said Harry Spevack and Myer Pave the sum of fifty (50) dollars as commission." The contract contained no provision as to the effect upon the rights of any party of a failure or inability to give title. It is signed and sealed by the owners of the real estate to which it relates and by the plaintiffs. The time fixed for the conveyances was extended; objections as to title were made by both owners, and the exchange never was made.

The agreement contained an unconditional promise to and with the plaintiffs to pay to them a definite amount without any contingency. No time was fixed for payment; hence the amount was payable on demand; and the bringing of an action to recover the amount constituted a demand. *Warren* v. *Wheeler*, 8 Met. 97. The agreement does not provide that the amount should be payable with reference to the performance of the terms of the agreement relating to the exchange. It is not a document of a merely evidentiary character, because, it created an obligation, and did not simply recognize one already in existence or thereafter to arise.

The report recites: "The defendant offered evidence to prove that there existed an oral understanding at the time of the signing and execution of said agreement to the effect that the plaintiffs should be entitled to their commission only when the exchange of said property and passage of title should be carried out. The court admitted said evidence. The plaintiffs did not at the time

of its admission orally claim a right to [a] report upon such evidence, but within two days thereafter did file in the clerk's office a written claim of report thereon."

By St. 1912, c. 649, § 8, it is provided that a party desiring to preserve his right of determination of matters of law in cases tried in the Municipal Court of the City of Boston, must, where the objection is to the admission or exclusion of evidence, claim a report to the Appellate Division of that court at the time of the ruling. As this was not done, no question as to the admissibility of the evidence was saved; and the plaintiffs' later request for a report of the question and its admissibility was properly refused. G. L. c. 231, § 108.

The plaintiffs requested the trial judge to rule that on all the evidence they were entitled to a finding. This was refused; and the only question properly presented by the report is whether this action was right.

The evidence admitted without objection could not modify nor control the terms of the contract. It is a rule of substantive law that when a written contract is made, it fixes the rights of the parties and cannot be varied by antecedent negotiation or contemporaneous qualification. *Mears* v. *Smith,* 199 Mass. 319. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. *Fairfield* v. *Lowry,* 207 Mass. 352. *Boston Supply Co.* v. *Rubin,* 214 Mass. 217, 221. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194, 197. *Cawley* v. *Jean,* 218 Mass. 263, 268. *Goldenberg* v. *Taglino,* 218 Mass. 357. *O'Malley* v. *Grady,* 222 Mass. 202. *Glackin* v. *Bennett,* 226 Mass. 316, 320.

The oral evidence purported to add to the express terms of the contract an additional provision that the plaintiffs should not be entitled to the benefit of the contract unless the exchange of properties should actually come to pass. This evidence cannot so vary the contract. It did not tend to show that the agreement never had been delivered, but purported to modify its terms in an essential particular. See *Brown* v. *Frederick J. Quinby Co.* 204 Mass. 206; *Warren* v. *Wheeler, supra; Morton* v. *Clark,* 181 Mass. 134. The case is not within the principle explained in *Davis* v. *Cress,* 214 Mass. 379, and *See* v. *Norris,* 234 Mass. 345, and cases therein cited.

The defendant did not plead performance or avoidance. The

original employment of the plaintiffs and the execution of the agreement of exchange were not in controversy. On the report, no question of fact was in issue. The plaintiffs were entitled to the requested ruling. *Goldstein* v. *D'Arcy,* 201 Mass. 312. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273. *Dean* v. *Boston Elevated Railway,* 217 Mass. 495. *Winsor* v. *Ulin,* 223 Mass. 282. *Loveland* v. *Epstein Drug Co.* 227 Mass. 311.

The order dismissing the report must be reversed, and judgment entered in the Municipal Court in favor of the plaintiffs for $100, with interest from the date of the writ. G. L. c. 231, § 124. *Loanes* v. *Gast,* 216 Mass. 197. *Burbank* v. *Farnham,* 220 Mass. 514, 520.

*So ordered.*