FIDELITY AND DEPOSIT COMPANY OF MARYLAND *vs.*
AMATO CATALDO.

Suffolk.   November 27, 1928. — January 3, 1929.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Contract*, Of indemnity, In writing.   *Evidence*, Extrinsic affecting writing.

A bond to dissolve attachments in an action at law against a single defendant was executed by a surety company and the defendant in the action and by a woman, real estate standing in whose name had been attached in the action as belonging to the defendant. The defeasance clause in the bond read, in substance, that the bond should be void if the defendant and the woman should pay "to the plaintiff in the said action the amount, if any that he may recover therein . . ." The husband of the woman, at whose request the bond was executed by the surety company, signed an agreement under seal in which, referring to the bond to dissolve attachments by description of parties and purpose, he agreed to indemnify the company against loss or expense caused by

its executing the bond. In an action by the company against the indemnitor, it appeared that he executed the bond, and there was no evidence of fraud or that he could not read the bond or agreement, nor that in any manner he was hindered or prevented from reading either the bond or the agreement. The judge ordered a verdict for the plaintiff. *Held*, that

(1) There was no ambiguity in the terms of the bond or agreement;

(2) Evidence was not admissible of a conversation of the indemnitor with a representative of the company before the agreement was executed, in which he requested the company to go surety on a bond in a suit in which his wife "was sued";

(3) The verdict for the plaintiff properly was ordered.

CONTRACT upon the indemnity agreement set out in the opinion. Writ in the Municipal Court of the City of Boston dated February 16, 1927.

On removal to the Superior Court, the action was tried before *Williams*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. By order of the judge, the jury found for the plaintiff in the sum of $1,026.80. The defendant alleged exceptions.

The case was submitted on briefs.

*V. Brogna*, for the defendant.

*H. W. Conant*, for the plaintiff.

PIERCE, J. This action of contract was tried before a jury in the Superior Court. At the close of all the material evidence, which is set out in the bill of exceptions, the defendant Amato Cataldo duly requested that a verdict be ordered for him and the plaintiff duly requested that a verdict be ordered for the plaintiff. The trial judge denied the defendant's motion and allowed the plaintiff's. The case is before us on the defendant's exceptions, duly taken, to the aforesaid rulings and directions.

The material facts disclosed by the documents introduced in evidence and by the testimony of the defendant Cataldo, who was the only witness called, are in substance as follows: Frank P. Robinson by a writ dated November 13, 1924, returnable to the Superior Court for the county of Middlesex on the first Monday of December, 1924, caused the goods and estate of one Albina Spina to be attached, and by special attachment caused the goods and estate of Nunzia Cataldo, as holder of real property belonging to said Albina Spina,

to the value of $2,000 to be attached on mesne process in a civil action.  On March 25, 1925, Albina Spina and Nunzia Cataldo, as principal, and the Fidelity and Deposit Company of Maryland, as surety, under their seals executed and delivered to Frank P. Robinson a bond to dissolve the said attachments according to law.  The defeasance clause of the bond reads: "Now, THEREFORE, if the above bounden Albina Spina and Nunzia Cataldo shall pay to the plaintiff in the said action the amount, if any that he may recover therein, within thirty days after the final judgment in said action; and also shall pay to the plaintiff in said action, within thirty days after the entry of any special judgment in said action, in accordance with Chapter 235 of the General Laws of the Commonwealth of Massachusetts, the sum, if any, for which said judgment shall be entered; then the above written obligation shall be null and void; otherwise to remain in full force and virtue."

On April 8, 1925, the defendant Cataldo signed, sealed and delivered to the Fidelity and Deposit Company of Maryland an indemnity agreement.  The part of the agreement which is material to the issue raised by the defendant's bill of exceptions reads: "KNOW ALL MEN BY THESE PRESENTS, that whereas, at the special instance and request of AMATO CATALDO . . . (hereinafter called Indemnitors), and upon the express condition that this instrument be executed, the FIDELITY AND DEPOSIT COMPANY OF MARYLAND . . . has executed, or procured the execution of . . . the following bond . . . on behalf of ALBINA SPINA and NUNZIA CATALDO as principals; a bond payable to FRANK P. ROBINSON . . . as obligee, in the penalty of TWO THOUSAND dollars ($2,000.00), and dated . . . the 25th day of MARCH 1925; . . . copy . . . thereof being . . . hereto attached.  Now THEREFORE, in consideration of the premises and the sum of one dollar, the receipt of which is hereby acknowledged, the Indemnitors . . . do hereby covenant and agree . . . Second, to indemnify the Company from and against any and all liability, loss, costs, damages, attorneys' fees and expenses, of whatever kind or nature, which the Company may sustain or incur by reason, or in consequence of execut-

ing said bond . . . as surety or co-surety, or procuring, upon its full indemnity, the execution thereof . . . Fourth, that liability hereunder shall extend to, and include, the full amount of any and all moneys paid by the surety . . . executing said bond . . . in the settlement or compromise of any claims, suits and judgments thereupon, in good faith, under the belief that it . . . [was] liable therefor . . . ."

Frank P. Robinson recovered judgment against Albina Spina on January 3, 1927, in the sum of $902.90 damage and $27.40 costs of suit, and execution therefor issued on January 4, 1927. This execution, placed in the hands of a deputy sheriff, was returned unsatisfied in whole or in any part on January 10, 1927. On February 4, 1927, the attorney and adjuster for the company sent the letter which follows to the defendant Amato Cataldo: "We have just been advised by Nathan & Silverman, counsel for Frank P. Robinson, that their client holds an execution against the defendants, Albina Spina & Nunzia Cataldo, in this action, for $930.30, on which they are demanding payment. This notice is being given you as indemnitor that we shall expect you to satisfy the above mentioned execution and save us harmless from any loss. Upon your failure to do so and we are compelled to make payment as surety on the bond, we shall look to you for reimbursement." On February 11, 1927, the company, through its attorney and adjuster, sent Cataldo another letter, as follows: "As more than thirty days have expired since the rendition of the judgment in this case, we have been compelled to deliver our check for $930.30 to Nathan & Silverman, attorneys for the plaintiff and this is a demand upon you as indemnitor for reimbursement of the above stated sum with 6% interest from this date. Failing to hear from you, we shall enter suit." On the same date the attorney and adjuster of the company drew a sight draft on the Fidelity and Deposit Company of Maryland, payable to the order of "Nathan & Silverman, Att'ys. for Frank P. Robinson," for the sum of $930.30. This draft was accepted and paid to the payee in due course. On February 17, 1927, .the execution was assigned by Frank P. Robinson to the Fidelity and Deposit Company of Maryland.

At the trial, on cross-examination of Amato Cataldo, it appeared that before the agreement was signed there was a conversation concerning it between him and one Dority, who represented the Fidelity and Deposit Company of Maryland in the transaction.  Cataldo was then asked by his attorney, "What talk did you have with this man when he brought this paper . . . [the indemnity agreement] to you?" Upon objection by the plaintiff the question was excluded, the defendant duly excepted and made the following offer of proof: "that at the time that Exhibit 1 was brought to the defendant by a representative of the company, the defendant requested it to go surety on a bond in the suit in which his wife, Nunzia Cataldo, was sued.  It appears that the suit in which the bond was given was not a suit in which Nunzia Cataldo was a party, either plaintiff or defendant, and therefore this bond was not given as requested, either by the terms of this bond or by the conversation or request made.  The names as they appear in Exhibit 1, Albina Spina and Nunzia Cataldo, are open to two constructions, one, that Albina Spina and Nunzia Cataldo were jointly obligors or jointly liable in that suit, and the request was to give a bond under that situation.  As a matter of fact Nunzia Cataldo was never liable in that suit and could not be liable in that suit, and therefore, it is not the same bond."  "There was no evidence introduced by the defendant of any suit in which Nunzia Cataldo was a defendant."

The answer of the defendant Cataldo is a general denial, a denial of the genuineness of his signature to the instrument, and absence of consideration.  The answer does not allege, and there is no evidence reported to the effect, that the signature of the defendant to the agreement was procured through the fraud, deception or misconduct of the plaintiff or of any agent of the plaintiff having authority to act or speak for it.  There is no ambiguity in the terms of the bond or agreement.  The agreement states that a copy of the bond is attached to it.  The defendant does not contend that he could not read the bond or agreement, nor that in any manner he was hindered or prevented from reading either the bond or the agreement.  The evidence was excluded rightly,

and as the material facts were admitted, the verdict was directed properly for the plaintiff. *Kelly* v. *Halox*, 256 Mass. 5. *Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *Spevack* v. *Budish*, 238 Mass. 215, 217. *Beacon Tool & Machinery Co.* v. *National Products Manuf. Co.* 252 Mass. 88, 91.

*Exceptions overruled.*