*Municipal Court of the City of Boston*
No. 339401
## RICHARD L. HOWE
### v.
## ETHEL E. MACKIERNAN
(Mar. 3, 1953)

*Riley, J.* This is an action of contract brought to recover a deposit of two hundred dollars, given by the plaintiff to the defendant incidental to the execution of a written purchase and sale agreement of certain real estate owned by the defendant.

The answer is a general denial, estoppel and discharge by reason of the plaintiff's alleged wrongful and unjustified nonperformance of his part of the agreement.

It is not disputed that on April 4, 1951 the plaintiff and the defendant entered into an agreement in writing for the purchase and sale of a parcel of real estate located at 5 and 7 Atherton Street, Jamaica Plain, Massachusetts.

This written contract of sale provided that papers should be passed at the Registry of Deeds on May 15, 1951; that the seller "by a good and sufficient" deed should convey "a good and clear title . . . free from all encumbrances;" that "for such deed and conveyance the party of the second part (plaintiff) is to pay the sum of Eighty-two Hundred and 00/100 ($8200.00) Dollars of which Two Hundred and 00/100 ($200.00) Dollars have been paid this day, Three Hundred and 00/100 ($300.00) Dollars are to be paid in cash upon the delivery of said deed."

This agreement contained the further provision that "If the party of the first part (defendant) shall be unable to give title or to make conveyance as above stipulated,

any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part (plaintiff) shall be deemed to be a full performance and discharge hereof."

The defendant received the Two Hundred and 00/100 ($200.00) Dollars from the plaintiff and continues to hold the same following a demand for repayment made by the plaintiff.

At the trial there was uncontradicted evidence that while the defendant signed and executed the original agreement and the extensions thereof, the plaintiff and the defendant had no direct or actual contact with one another with respect to the terms upon which the sale was to be consummated, the defendant being represented by a real estate broker throughout the entire transaction; that the plaintiff made application for a G. I. mortgage loan in the amount of Seventy-seven Hundred and 00/100 ($7700.00) Dollars, but said application was declined for reasons unknown to the plaintiff; that the plaintiff never at any time tendered or offered to tender to the defendant or her broker the balance of the purchase price; and that the defendant has been and still is, ready, willing and able to perform her part of the agreement.

The defendant testified that she authorized her real estate broker to sell the property in question for "Eighty-two Hundred and 00/100 ($8200.00) Dollars Cash," which testimony was corroborated by her broker. *On the other hand, the plaintiff testified, in substance, that he and the broker orally agreed that the agreement was subject to a condition that the plaintiff successfully obtain a G. I. mortgage loan. This was the only evidence that the agreement was subject to a condition. The plaintiff testified that the deposit would be returned if this condition was not satisfied.*

At the appropriate time the defendant presented nine requests for rulings of law, which the trial judge acted upon, and then found for the plaintiff generally on one count of the declaration.

The defendant claiming to be aggrieved by the judge's denial of her requests numbered 1, 2, 3, 4, 5 and 8 now brings the instant report.

The defendant's requests together with the trial judge's action thereon are as follows:

1. That on all the evidence the court is not warranted in finding for the plaintiff on the grounds

(a) That the plaintiff has not proved a *prima facie case on either count.*

(b) That the evidence shows that the plaintiff was not entitled to recover because of breach of contract by the plaintiff for which legal excuse is lacking.

(c) That the plaintiff has not shown that there was no consideration flowing from the defendant to the plaintiff for the retention by the defendant of the money involved.

(d) That there is no evidence either of a breach of contract by the defendant or a material failure of consideration for which the money was voluntarily paid by the plaintiff to the defendant.

(e) That there is no evidence that the defendant was unable, neglected or otherwise refused to convey to the plaintiff the premises described in the agreement set forth in Count 1 in the plaintiff's declaration.

(f) That the proof of the plaintiff's case does not correspond to his declaration.

(g) That the plaintiff has failed to sustain the burden of proof that the consideration for which the money involved was paid to the defendant, has failed.

*"Denied."*

2. The plaintiff, by his breach of contract to purchase, forfeited the deposit that he made and can recover no part of it.

*"Denied.* Inapplicable. I find on facts agreement was conditioned upon an understanding between the parties thereto that plaintiff should be able to obtain G. I. Loan for $7700.00 and plaintiff did not breach contract of purchase."

3. Where the plaintiff as agreed vendee failed to perform his part of the agreement through no fault of the agreed vendor, the defendant, as agreed vendor, is not obliged to go through the empty ceremony of discharging a mortgage and tendering a deed in order to put the plaintiff in default, notwithstanding the fact that the agreement between the parties contains a recital that the agreed vendor shall convey a good and clear title free from all encumbrances.

*"Denied.* Inapplicable as I find on facts plaintiff did not fail to perform his part of the agreement."

4. If the court finds that the plaintiff failed to perform his part of the agreement without legal excuse therefor, and that the defendant has been ready and able at all times to perform her part of the agreement, then the defendant is entitled as matter of law to prevail.

*"Denied.* Inapplicable. See 3."

5. Count 2 in the plaintiff's declaration is predicated upon a quasi-contractual or implied in law recovery and such an implied promise is raised by law only upon the failure of the consideration for which the money was paid, and so long as the defendant is ready and able to perform her part of the agreement the consideration exists unimpaired and as matter of law the plaintiff is not entitled to recover.

*"Denied.* Inapplicable as I find on facts de-

fendant was unable to perform her part of agreement because condition orally agreed to that plaintiff should be able, to secure G. I. Loan was incapable of performance."

6. A real estate broker is not an agent of general powers, but a special agent for a restricted purpose without power to bind his principal beyond the limitations conferred by the precise terms of his contract of agency, and the very nature of his employment is such that a third party (the plaintiff in this case) has implied notice that he is dealing with a special agent of restricted authority, and hence he must ascertain at his peril the bounds of that authority.

*"Granted."*

7. The conduct or acts of a real estate broker in excess of his authority are not binding upon his principal.

*"Granted."*

8. Upon all the evidence the plaintiff never chose to test the defendant's ability and willingness to perform by tendering performance and demanding conveyance, and even if the plaintiff was not seeking an excuse to escape from his bargain, he shows no default upon the part of the defendant and therefore has no right to prevail on either count of his declaration.

*"Denied.* Inapplicable as I find on facts performance was excused because plaintiff was unable to get G. I. Loan for $7700.00."

9. The tenor of the contract between the parties does not require the extinguishment of outstanding defects.

*"Granted."*

The question presented by this report is the correctness of the trial judge's disposition of the requests in view of the evidence reported. At the outset it should be observed that the only founda-

tion for the plaintiff's claim being the oral agreement alleged to have been entered into, it follows, that if he cannot be allowed to show the oral agreement, he cannot maintain his action, *Mears* v. *Smith,* 199 Mass. 319, 322 and whether the oral testimony was admitted with or without objection is of no importance because the record does not purport to preserve and present an evidential question as such. *Spevack* v. *Budish,* 238 Mass. 215. Assuming that the trial judge in hearing all the evidence, including the oral testimony of the plaintiff, did so for the purpose of learning what the true facts were (cf. *O'Mally* v. *Grady,* 222 Mass. 202), it then became incumbent upon him to determine whether or not the extrinsic oral evidence offered by the plaintiff constituted a collateral agreement in aid of the written agreement, or such an agreement as varies or contradicts the written agreement and to rule properly as a matter of law. This he did not do. The error of law was not in the admission of the extrinsic oral evidence, but was in the application made of it.

The report is barren of evidence tending to show that the defendant breached her contract; and there is no evidence as to the extent of the authority of the defendant's agent, nor a finding of fact as to such agency and its scope. *Harrigan* v. *Dodge,* 216 Mass. 461. Extrinsic evidence affecting the terms of a contract is confined to a small compass. It is a general rule that the written record of a contract must not be varied or added to by verbal evidence of what was the intention of the parties. *Violette* v. *Rice,* 173 Mass. 82; *Equitable Marine Ins. Co.* v. *Marshall L. Adams,* 173 Mass. 436; *DeFriest* v. *Bradley,* 192 Mass. 346, 353; *Smith* v. *Vose & Sons Piano Co.,* 194 Mass. 193, 199; *Goldenberg* v. *Taglino,* 218 Mass. 357, 359; *O'Brien* v. *Boston & Maine Railroad,* 325 Mass. 451, 455.

The rule of substantive law forbidding parole

testimony to vary or contradict a written agreement is founded on the premise that the parties having deliberately put their agreement in writing they should not later be allowed to show that the writing means something else.

The rule in aid of construction or interpretation of a written instrument whereby oral testimony is admitted to explain or clarify an ambiguity is a rule of evidence, and not available to undo or re-word a written agreement, and should not be so employed.

A reading of the agreement now before us clearly shows an unconditional promise to pay a definite amount without any contingency; and since no time appears to have been fixed for payment of the balance the amount became payable on demand. *Fitz* v. *Comey*, 118 Mass. 100; *Spevak* v. *Budish*, 238 Mass. 215. Apparently, the plaintiff never chose to test the defendant's ability and willingness to perform by tendering performance and demanding a conveyance. *Beck* v. *Doore*, 319 Mass. 707 at 710. The effect of placing the money in the hands of the defendant or of her agent was to render it irreclaimable by the plaintiff, except in case of failure on the part of the defendant to fulfill her agreement.

The trial judge's denial of the defendant's requests for rulings, particularly those numbered 2 and 3, was error.

*Judgment for the defendant.*

Max Marks for the Plaintiffs.

MacKiernan & Bakker for the Defendants.