Teahan, J.
This matter comes before us under Dist./Mun. Cts. RADA., Rule 8B on an agreed statement and calls for review of the denial of an offer to admit into evidence documents representing extrinsic evidence in support of a contention that the termination provisions of a written contract were ambiguous.
*121 Browning Ferris Industries, Inc. (Hereafter “BFI”) entered into a written contract with Veggo F. Larsen Company (hereafter “Veggo Larsen”) in 1987 for a three-year term with BFI to provide Veggo Larsen with trash containers and service. That contract was renewed for a three-year term on August 8,1990. The 1990 contract included the following term:
TERM. THIS AGREEMENT IS FOR A TERM COMMENCING ON THE DATE HEREOF AND CONTINUING UNTIL THREE (3) YEARS AFTER THE DATE SERVICE BEGINS HEREUNDER AND SHALL BE RENEWED FOR SUCCESSIVE THREE (3) YEAR TERMS WITHOUT FURTHER ACTION BY THE PARTIES, BUT MAY BE TERMINATED ATTHE END OF ANY THREE (3) YEAR PERIOD BY EITHER OFTHE PARTIES HERETO BY NOT LESS THAN SIXTY (60) DAYS PRIOR WRITTEN NOTICE (CERTIFIED MAIL).
That contract was found by the Court to be renewed on August 8, 1993 for a three-year term. At trial Veggo Larsen sought to introduce two proposed contracts between the parties dated July 7,1993 to establish an ambiguity as to the written contract of August 8,1990 as it related to termination language. The Court found no ambiguity in the 1990 contract and refused to admit the 1993 contracts into evidence.[1] The Court further found that Veggo Larsen on September 8, 1993 wrote BFI seeking to terminate the contract. It determined that this effort, thirty days after renewing the contract in 1993, was a breach of contract.
The language of the termination provision of the 1990 contract provides for a passive renewal for a three-year term without further action of the parties unless either gave notice at the end of a three-year term “by not less than sixty (60) days prior written notice.” Our review is limited to whether this language is susceptible of ambiguity justifying the admission of parol evidence as sought at trial by Veggo Larsen.
In Massachusetts a written contract, unambiguous on its face and in its terms, absent mistake or fraud, is conclusively presumed to represent the whole intent of the parties. Under the parol evidence rule such an agreement cannot be modified or affected by extrinsic evidence. Nelson v. Hamlin, 258 Mass. 331, 340 (1927), Imper Realty Corp. v. Riss, 358 Mass. 529, 534-535 (1970). Absent ambiguity the Court cannot interpret the contract but must take it as written. WILLISTON ON CONTRACTS, THIRD ED., §632A. The instant agreement places a burden on either party to give written notice at least sixty days prior to the expiration of a three-year term. There is no other logical semantical significance to the use of “prior.” The language of the provision, hardly a paradigm of English expression, may be clearly stilted but it is not unclear or ambiguous about when termination notice is to be given. Independent of the issue of ambiguity, it is noted that the documents sought to be admitted were generated three years after the 1990 agreement. Any extrinsic evidence admissible in appropriate circumstances would be limited to matters preceding or contemporaneous with the execution of the agreement in 1990, not events three years hence. Goldenberg v. Taglino, 218 Mass. 357, 359 (1914). The 1990 agreement was unambiguous as to the termination provision, and the refusal to accept other evidence on the issue was correct.
Appeal dismissed.

 The two 1993 written contracts are identical in form to each other except for the location at which BFI was to provide service to Veggo Larsen. They contained identical termination language that differed from that in the operative 1990 written contract.