DIEBOLD SAFE AND LOCK COMPANY *vs.* ROBERT M. MORSE.

Suffolk.     November 23, 1916. — March 13, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant,* Existence of relation. *Equity Jurisdiction,* Specific performance. *Contract,* What constitutes.

The terms of a lease of land were agreed to orally by those who were to be parties to it and it was a condition precedent to the creation of the leasehold that the lease should be executed by the lessor and the lessee and duplicates, so executed, should be mutually exchanged and delivered. The lessor then prepared the leases in duplicate, signed both, sent them to the lessee in another State and then, after a delay in their return, wrote to the lessee that, unless the lease, duly executed by the lessee, was returned to him by a certain day, all negotiations would be terminated. On the day specified, not having received a lease executed by the lessee, the lessor notified him that negotiations were terminated. The next day the lessee executed the lease and sent the original to the lessor, but the lessor refused to give him possession of the premises. *Held,* that the lessee could not maintain a suit in equity to compel specific performance of the lease because the lessor had withdrawn from the negotiations before the relation of landlord and tenant had arisen.

BILL IN EQUITY, filed in the Superior Court on October 1, 1915, for specific performance of an alleged lease of real estate by delivery of the premises to the plaintiff for occupation.

In the Superior Court the suit was heard by *McLaughlin,* J., who found and reported, among other facts, those stated in the opinion, and reserved the case for determination by this court upon the pleadings and his report.

*F. B. Kendall,* for the plaintiff.

*W. M. Richardson,* for the defendant.

CARROLL, J. On or about August 1, 1915, the agents of the plaintiff entered into negotiations for the lease of the first floor of a building owned by the defendant, for the term of three years beginning September 1, 1915. The terms were agreed to, and

duplicate indentures of lease were prepared in the defendant's office. It was the intention of the parties that the lease was to be executed in duplicate, and it was a condition precedent to the creation of the leasehold that the lease should be executed by lessor and lessee, and duplicates, so executed, mutually exchanged and delivered.

August 3, 1915, leases signed by the defendant, as lessor, were sent by mail to the plaintiff's New York office. August 6, the defendant's agent wrote the plaintiff saying that a lease had been sent for the lessee's signature, that no reply had been received, and that unless the lease was returned to his office Monday, August 9, by first mail, all negotiations would be cancelled. August 9, not having received the lease, the defendant's agent notified the plaintiff that all negotiations were terminated. On the same day, but before receiving the letter of August 9, the plaintiff's manager wrote that the lease had been "forwarded to our Home Office for the signature of our Secretary." August 10, the secretary at Canton, Ohio, sent the lease to the defendant. The lease was stamped, "Diebold Safe & Lock Co. . . . . . Secretary." The secretary's signature was affixed to the lease retained, but by accident or mistake the signature was not affixed to the document sent to the defendant. In the middle of August the representatives of the parties met; the plaintiff was then ready to do everything essential to acquire the leasehold, including the proper signing and delivery of the duplicate, but was told that the duplicate lease had not been received August 9, and the transaction was at an end.

The plaintiff alleges that by reason of the oral agreement the defendant executed a certain indenture leasing the premises to the plaintiff, and both copies signed by the defendant were delivered to it; that the plaintiff, by its secretary, signed the indentures and returned one to the defendant; that it requested the keys to the premises and made a legal tender of the rent, but the defendant refused to permit the plaintiff to enter upon and occupy the estate. And it asks that he be decreed specifically to carry out the terms of the lease, to deliver up the premises free from all tenants; and, for damages sustained by the plaintiff because of the defendant's refusal to abide by the terms of the lease.

The plaintiff is not asking for specific performance of an oral agreement to give a lease, but for the specific performance of the executed lease. Its contention is that when the defendant signed the indentures and delivered them and the plaintiff accepted them, the rights of both parties became fixed and the defendant is bound by all the terms and conditions of the instrument.

The leases were sent to the plaintiff on August 3. On August 6, before it had executed them, the defendant insisted that the document should be in his office on August 9, and failing in this, negotiations would end. The judge has found that the due execution of the indentures, and their delivery, was a condition precedent to the creation of the leasehold. This condition was not performed and the relation of landlord and tenant was never established. It was essential that this stipulation should be complied with before the lease took effect. Under the circumstances the plaintiff cannot have specific performance of the written lease. Its estate was to vest only on the performance of the condition agreed to. Before that contingency happened the defendant withdrew, and no lease binding on the parties was ever executed.

It is unnecessary to consider the case of *Browning* v. *Haskell,* 22 Pick. 310, which was discussed in *O'Malley* v. *Grady,* 222 Mass. 202, 204, or the cases cited in the plaintiff's brief deciding that if one party executes its part of the indenture it shall be his deed, though the other party does not execute his part. These cases are to be distinguished from the case at bar, for the reason that it was here found as a fact that the contract was not binding until all parties had exchanged, executed and delivered both the indentures. The delivery of an instrument in writing does not make it operative, if delivered on a condition not fulfilled. In such a case the liability is suspended until performance of the condition, and no obligation arises until that time. See *Wilson* v. *Powers,* 131 Mass. 539; *Robertson* v. *Rowell,* 158 Mass. 94; *Nichols* v. *Rosenfeld,* 181 Mass. 525, 527.

A decree is to be entered dismissing the plaintiff's bill, with costs.                                  *So ordered.*