CHARLESTOWN FIVE CENTS SAVINGS BANK *vs.* ELIZA A. MELKON KALEMIAN & another.

Suffolk. November 9, 1937. — March 2, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Contract,* Consideration. *Guaranty. Equity Pleading and Practice,* Findings by judge.

A general finding by a judge in a suit in equity, which was not inconsistent with his other findings or the pleadings, must stand on appeal from the final decree where the evidence was not reported.

Findings by a judge in equity that a mortgagee proposed not to demand payments of principal on the mortgage note for a time if one who had taken title from the mortgagor without assuming the mortgage would guarantee payment of the note, and that several weeks later such guaranty was given, did not preclude further findings on unreported evidence that the mortgagee did not bind himself not to demand principal and that there was no consideration for the guaranty.

BILL IN EQUITY, filed in the Superior Court on August 17, 1934.

A decree dismissing the bill was entered by order of *Brogna,* J. The plaintiff appealed.

*H. Cohen,* for the plaintiff.

*J. W. Vaughan,* (*S. M. Kalemian* with him,) for the defendants.

QUA, J. This is a bill to establish the indebtedness of the defendant Kalemian, hereinafter called the defendant, to the plaintiff upon a guaranty of a mortgage note and to reach and apply in payment a fund alleged to belong to the defendant but standing in the name of another.

The evidence is not reported. It is elementary that without the evidence we cannot overturn findings of fact made by the trial judge, except where it appears from the record itself that they were not derived directly from the unreported evidence, but that they were pure inferences from other facts stated, or where they are in contemplation of law inconsistent with other facts stated or with the

pleadings. *Jones* v. *Clark*, 272 Mass. 146, 148, 149. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. Our method of dealing with the case is necessarily governed by this principle.

Pertinent facts found are these: The mortgage and note were originally given to the bank by a former owner of the property from whom the defendant acquired title without assuming the mortgage. The bank wrote the defendant, requesting quarterly payments on the principal. In consequence the defendant called at the bank and asked that the bank give her a written extension of the mortgage and a reduction of interest. A few days later the bank wrote to the defendant that it "was willing to waive reduction of the principal at the present time, if [the defendant] . . . personally guaranteed the mortgage note." Ten days later the bank again wrote the defendant, asking her to call and guarantee the loan More than a month after that the defendant "called" and signed the guaranty. "The bank never executed a waiver of the reduction of the principal nor did it otherw'se bind itself to waive reductions of the principal; nor did it reduce the interest." The judge further found that there was no consideration for the guaranty.

The findings as to the communications between the parties would be consistent with a conclusion that the defendant guaranteed the note in consideration of a promise by the plaintiff to forbear for a reasonable time to demand payments on the principal (see *Kahn* v. *Waldman*, 283 Mass. 391, 393, 394), but they do not require that conclusion as matter of law. The evidence may have shown that there was no intent to give and to receive a binding promise of forbearance as a *quid pro quo* for the guaranty. What was said at the final interview does not appear. The bank may have withdrawn its suggestion of forbearance, and yet the defendant may have thought it good policy to sign the guaranty. The bank may have explained that it was not making a promise of forbearance, but that it was merely expressing a present, but revocable, intention to forbear. The guaranty itself may have been delivered only upon the understanding and condition that the bank execute "a

waiver of reductions of the principal," which the judge finds that it did not do. See *Diebold Safe & Lock Co.* v. *Morse*, 226 Mass. 342. Conceivably in some other way the evidence may have justified the finding that the plaintiff did not "bind itself to waive reductions of the principal," and hence that there was "no consideration for the guarantee." These findings, resting upon unreported evidence, must stand. They require that the bill be dismissed.

*Decree affirmed with costs.*