GORDON L. HOWLAND *vs.* TOWN OF PLYMOUTH.

Plymouth.    January 8, 1946. — March 7, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Landlord and Tenant*, Assignment of lease.  *Assignment.*

The taking effect of a written assignment of a lease by the lessee, which
stated that it was in "consideration of the agreement between" the
lessee and the assignee "arising out of an offer" by the lessee "and
an acceptance," was subject to a condition precedent that the lessor
should consent to the assignment where it appeared that the offer
so accepted contained the provisions that the "assignment . . . is
subject to the condition that said assignment is consented to by the"
lessor and that otherwise it "is to be null and void."

The lessor in a lease of real estate, which contained a covenant that the
lessee would not assign the lease without the consent of the lessor
being first obtained and an express condition that in case of breach
of any of the covenants in the lease the lessor might enter and deter-
mine the lease, had no right to enter and dispossess the lessee by
reason of his having made an assignment of the lease subject to the
condition precedent that "said assignment is consented to by" the
lessor, although the assignee had taken possession of the premises for a
time and the consent of the lessor never had been obtained.

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 1, 1944.

The case was heard by *Sullivan*, J.

*G. R. Farnum*, for the plaintiff.

*A. P. Richards*, for the defendant.

QUA, J.    By this bill the plaintiff seeks relief against an
entry made by the defendant on April 28, 1944, for the
purpose of terminating two leases upon premises adjoining
each other, both located on the town wharf in Plymouth.
The plaintiff appeals from a final decree in favor of the
defendant.    The evidence is reported.

Both leases were given by the defendant to the plaintiff,
one on September 16, 1940, and the other on February 16,
1942.    Both were to expire on January 1, 1951, with the
privilege of renewal for a further term of ten years.    Each

lease contained a covenant that the lessee would not assign the lease without the consent of the lessor being first obtained and an express condition that in case of breach of any of the covenants the lessor might enter and determine the estate created and expel the lessee and those claiming under him. The entry was made for alleged violation by the plaintiff of the covenants against assignment. This appears from a notice given by the defendant to the plaintiff three days after the entry. In this case we need consider only the alleged breach of covenant by the plaintiff in assigning the leases without the consent of the defendant. *Atkins* v. *Chilson,* 9 Met. 52, 62. *Boston Elevated Railway* v. *Grace & Hyde Co.* 112 Fed. 279, 286. Compare *Markey* v. *Smith,* 301 Mass. 64, 73–74.

In reference to the alleged assignments, it appeared that on March 6, 1943, the plaintiff made to Mayflower Processing Company an offer in writing to assign the two leases to that corporation on terms set forth in detail in the offer. The offer contained this provision, "The assignment of the leases from the Town of Plymouth, above referred to, is subject to the condition that said assignment is consented to by the Town of Plymouth. Otherwise said assignment is to be null and void." On March 8 Mayflower Processing Company accepted the offer by unanimous vote of its directors and stockholders. Under date of March 11 the plaintiff executed an assignment under seal of both leases in the following form: "In consideration of $1.00 and other valuable consideration, and in further consideration of the agreement between the undersigned and the Mayflower Processing Co. arising out of an offer dated 6th day of March, 1943 and an acceptance dated 8th day of March, 1943 I the undersigned do hereby sell, transfer, assign and set over unto the Mayflower Processing Co. all my right, title and interest in and to the leases hereto annexed and made a part hereof and marked exhibits 'A' and 'B.' In witness whereof I have hereunto set my hand and seal this 11th day of March, 1943. Gordon L. Howland." Either before or after March 11 the plaintiff requested the selectmen to consent to the assignments, but without success. A

written request on July 10 was equally without result. The town has never consented to the assignments. Nevertheless, the Mayflower company took possession of the premises and carried on business there during May and June of 1943, and then "folded up" for reasons not appearing. At some time thereafter the plaintiff resumed possession. The plaintiff paid all the rent falling due on both leases covering a period of time extending (in advance) beyond the date of hearing of the case. There is nothing to show that the Mayflower company concerned itself with rent in any way.

In our opinion there was never any final completed assignment of the leases which had the effect of transferring the plaintiff's title in the leaseholds to the Mayflower company. The contract to assign made on March 8, 1943, evidenced by the terms of the plaintiff's written offer of March 6, made the taking effect of the assignment expressly conditional upon the consent of the town. The written assignment itself was executed only three days after the contract to assign was made. It contains a reference to that contract, and seems plainly to have been made in pursuance of the contract and to have been intended by the parties as compliance with the terms of the contract. There is nothing in the evidence sufficient to overcome this natural inference drawn from the written documents and the sequence of events. Other circumstances tend to confirm it. After the leases were given valuable buildings had been erected on the premises which by the terms of the leases were to remain the property of the lessee if removed prior to the termination of the leases, but which could not be removed without heavy loss. It is not to be supposed that either the plaintiff or the Mayflower company would deliberately bring about a situation which could result in a forfeiture. Instead, they appear to have been taking precautions against that very thing. It is true that there was some evidence, admitted subject to exception by the plaintiff, that at a later time the company tried to use the assignment in litigation with third parties in a way which seemed to imply a claim of ownership of the leases, but there was

nothing to show that the plaintiff consented to this or was in any way bound by it. The occupancy of the premises by the company is not a decisive circumstance. The company knew in any event that it was taking the risk of the town's consent. Whether the company was a subtenant of the plaintiff or his licensee is of no consequence in this case. It follows that the written assignment of the leases was subject to a condition precedent before it could take effect — the condition that the town must consent. We think this a condition precedent because in the light of the situation of the parties this seems to us the true construction of the offer of March 6. It is the "assignment" which is to be "subject to the condition." We think this means that the assignment is never to take effect unless and until consent is obtained, and as long as consent is withheld the assignment is "to *be* null and void" (emphasis supplied), rather than that it is to take effect at once subject to be defeated later at some indefinite future time when consent shall not have been obtained and shall then *become* null and void. See *Putnam* v. *Grace*, 161 Mass. 237, 246. This condition precedent was never performed.

The taking effect of a written instrument may by the understanding of the parties to it be made subject to a condition precedent of this kind, even though the condition rests only in parol, and even though physical delivery of the instrument has been made by one party to the other and, in this Commonwealth, even though the instrument is under seal. *Wilson* v. *Powers*, 131 Mass. 539. *Wall* v. *Hickey*, 112 Mass. 171. *Elastic Tip Co.* v. *Graham*, 185 Mass. 597, 600. *Hill* v. *Hall*, 191 Mass. 253, 265. *Diebold Safe & Lock Co.* v. *Morse*, 226 Mass. 342. *Massachusetts Biographical Society* v. *Howard*, 234 Mass. 483, 487. *Levene* v. *Crowell*, 243 Mass. 441, 445. *Kerwin* v. *Donaghy*, 317 Mass. 559, 568, note 2, and cases cited. Am. Law Inst. Restatement: Contracts, §§ 101, 241. See also discussion in Wigmore on Evidence (3d ed.) §§ 2405, 2408–2410. Compare *O'Malley* v. *Grady*, 222 Mass. 202, where the condition was a condition subsequent and not a condition precedent.

Nothing short of a completed assignment transferring title to the leaseholds would amount to a breach of the covenant against assignment. *Livingston* v. *Stickles*, 7 Hill, 253. *Great Lakes Realty & Building Co.* v. *Turner*, 190 Mich. 582. Since there was no completed assignment and no breach of the covenant against assignment, the entry of the defendant for such a breach was invalid, and the plaintiff is entitled to a decree in his favor under the implied prayer for general relief. G. L. (Ter. Ed.) c. 214, § 12. *Karas* v. *Karas*, 294 Mass. 230, 231. This case is entirely different from *Blake* v. *Sanderson*, 1 Gray, 332, cited by the defendant.

We need not decide whether the right of entry was waived by acceptance of rent or for any other reason.

The final decree is reversed, and a final decree is to be entered declaring the entry upon the premises invalid and perpetually enjoining the defendant from interfering in any way with the plaintiff's possession and quiet enjoyment of the premises by virtue of said entry or because of the alleged breaches of covenant by the alleged assignment to Mayflower Processing Company, with costs to the plaintiff.

*So ordered.*