ADLOW, J.
Action of contract to recover on a written guaranty under seal executed by the defendant. There was evidence that the defendant, Arthur E. Gerome, was the president of the Abbott Processing Company; that said corporation on March 31, 1949, was indebted to the plaintiff corporation in the sum of $835.00; that on said day, Albert Liebman, president of the plaintiff corporation, came to the defendant and asked him as a personal favor and as an accommodation to him to sign a guaranty of the account of the Abbott Processing Company so that he could show the guaranty to a bank. On May 1, 1949, the balance due from the Abbott Processing Company to the plaintiff was $857.50, at which time it went out of business. In an action on the guaranty to recover the balance due the court found for the defendant.
We cannot agree with the plaintiff’s contention that a contrary finding was required by the evidence. The issue raised by the report does not involve the modification or alteration of the terms of a written guaranty by oral evidence. At issue here is whether a legally enforceable agreement was given on a condition which has nver been fulfilled. If as the defendant claimed he signed the guaranty at the request of the plaintiff’s president as an accommodation and in order that the latter might show it to his bank, then there would be ample evidence to support the finding of the court that the guaranty was given as an accommodation to the plaintiff. In Wilson v. Powers, 131 Mass. 539, 540, it was held that “The manual delivery of an instrument may always be proved to have been on a condition which has not *[14] been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced.” See, also, Whitaker v. Salisbury, 15 Pick. 534; Kerwin v. Donaghy, 317 Mass. 559, 568; Howland v. Plymouth, 319 Mass. 321, 324. That the delivery to Liebman should be conditional did not require express words. The court Could conclude from the circumstances under which the guaranty was given that it was to be used only by the plaintiff in its dealings with its bank. Its failure to so use the guaranty deprived it of effect.
Hyman Katz, Atty. for Plff.
Harry Pollack, Sidney Newman, Attys. for Deft.

Report dismissed.