*Southern District*

## WALTER L. KEENE
### v.
## ELLIS ROME

*Nash, J.* This is an action of contract in which the plaintiff seeks to recover $500.00 paid as a deposit on the purchase of certain real estate. The answer is a general denial. There was evidence that on May 21, 1954 the plaintiff and one Paul H. Kelly signed an agreement for the purchase and sale of a house and land located at Hanover, Massachusetts, for $12,300.00 of which $500.00 was paid to the defendant acting as real estate agent for Paul H. Kelly, and that the premises were to be conveyed on or before August 21, 1954 at which time the balance of the purchase price was to be paid. The agreement also provided ". . . the seller agrees to refund the deposit, in full, if the buyer is unable to obtain V. A. financing. . .".

On August 7, 1954 the plaintiff received a "certificate of reasonable value" from the Boston Regional Office of the Veteran's Administration establishing the value of the property at $13,000.00 repaired, and after listing such repairs stated, "Lender to hold $1,000.00 until required items completed". The following language appeared upon the certificate:

"The above valuation is predicated upon completion of repairs or construction. It is the responsibility of the lender to assure itself that:

a) the entire cost of the property to the veteran-purchaser "as repaired" or 'when completed' does not exceed the above valuation, (this may require a reduction in the agreed sales price): and

b) a sufficient amount to insure satisfactory completion of the work is retained if such work is not completed at time of disbursement."

The certificate was shown by the plaintiff to Paul E. Kelly on August 8, 1954 and the latter agreed to make the repairs or have $1,000.00 withheld as the plaintiff preferred. The plaintiff refused either proposal and said he did not want the house under any circumstances. On August 15, 1954 they discussed

the matter again, Mr. Kelly making the same offer and the plaintiff refusing and stating again he did not want the house under any circumstance.

The defendant duly filed six requests for rulings but waived two. The remaining four are as follows:

(2) If the plaintiff repudiated the contract on or about August 8, 1954, he is not entitled to recover his deposit.

(3) If the plaintiff repudiated the contract on or about August 15, 1954, he is not entitled to recover his deposit.

(4) If the defendant offered to have $1,000.00 withheld from the purchase price as requested by the V. A. certificate, he has complied in that condition in the contract which reads as follows: "——the seller agrees to refund the deposit, in full, if the buyer is unable to obtain V. A. financing——".

(5) In order to comply with the V. A. certificate of reasonable value, dated August 5, 1954, it was not necessary for the defendant to make the repairs required therein.

The Court (*Kirby, J.*) ruled that the words in the agreement ". . . the seller agrees to refund the deposit in full if the buyer is unable to obtain V. A. financing. . ." is a condition precedent and means that approval by the V. A. of the agreed purchase price as set out in the agreement was necessary; and that this condition precedent was not met because the V. A. fixed the reasonable value of the property at $13,000.00 repaired, listing repairs totalling $1,000.00 and described as "repairs . . . needed for normal use and occupancy". The Court further rules "that this condition precedent is to be construed and applied in relation to the house in the condition as it existed at the time the agreement was signed by the parties, and the fact that the Veteran's Administration established a reasonable valuation of $13,000.00, *repaired*, is not in compliance with the condition precedent, notwithstanding the fact that the seller was willing, upon such notice from the Veteran's Administration, to make the repairs. The Court finds for the plaintiff."

The Court denied all of the defendant's requests for rulings and found for the plaintiff. The defendant

claims to be aggrieved: "(1) by the Court's refusal to grant requests No. 2 - 6 inclusive; (2) the Court's interpretation of the language "——the seller agrees to refund the deposit in full if the buyer is unable to obtain V. A. financing——", as meaning V. A. approval of the agreed price as set out in the agreement; (3) the Court's interpretation of the language "——the seller agrees to refund the deposit in full if the buyer is unable to obtain V. A. financing——", as far as it relates to the condition of the house, as applying at the time the agreement was signed; (4) the Court's ruling that the seller's willingness upon notice of the Veteran's Administration to make repairs, as a matter of law, did not comply with the condition precedent; (5) the Court's ruling that the seller's willingness upon notice of the Veteran's Administration and prior to the expiration date of the agreement, as a matter of law, did not comply with the condition precedent."

The report states that it contains all the evidence material to the questions reported.

Succinctly stated the written agreement of May 21, 1954 provides for the sale of premises sufficiently described for the sum of $12,300.00 with the sum of $500.00 paid to the defendant acting as a real estate broker, the balance to be paid on or before August 21, 1954 when papers were to pass with the proviso that this sum is to be refunded to the plaintiff if the latter is unable to obtain V. A. financing. On August 7, 1954 the plaintiff received a "certificate of reasonable value" from the V. A. of $13,000.00 repaired, and listed the repairs and stated the lender would "hold $1,000.00 until" repairs were completed. On August 8, 1954 the plaintiff showed the certificate to the seller who agreed to make the repairs or have the $1,000.00 withheld at the plaintiff's option. The plaintiff refused either proposition and refused to take the house.

The Court ruled that the words in the agreement ". . . the seller agrees to refund the deposit in full

if the buyer is unable to obtain V. A. financing . . ." is a condition precedent and meant approval of the V. A. of the agreed purchase price of $12,300.00 as set forth in the agreement and "that the condition precedent was not met since the "certificate of reasonable value" issued by the Veteran's Administration fixed the reasonable value of the property at $13,000, *repaired*, which repairs are listed in detail on said certificate, totaling $1,000.00 and described as "repairs———needed for normal use and occupancy———". The Court rules that this condition precedent is to be construed and applied in relation to the house in the condition as it existed at the time the agreement was signed by the parties, and the fact that the Veteran's Administration established a reasonable valuation of $13,000.00, *repaired*, is not in compliance with the condition precedent, notwithstanding the fact that the seller was willing, upon such notice from the Veteran's Administration, to make the repairs.

The written instrument sets forth in detail the entire agreement between the parties and contains on its face a condition precedent to its becoming effective; specifically, that the deposit was to be refunded if the buyer was unable to obtain V. A. financing and by implication, if not expressly stated, on the terms and conditions set forth in the contract unless these conditions were performed the agreement was not binding upon the parties.

*Gilson v. Blanchard*, 1 Allen, 420, 421, 422; *Wilson v. Powers*, 131 Mass. 539, 540, 541; *Diebold Safe & Lock Co. v. Morse*, 226 Mass. 342, 344; *Kidder v. Greenman*, 283 Mass. 601, 617; *Tilo Roofing Co. Inc. v. Pellerin*, 331 Mass. 743.

Williston on Contracts (Rev. Ed.) s. 666A.

The Court was right in its findings and the condition precedent not having been met, the proposed obligation never became a binding contract. There is no error in the Court's dealing with the requests for ruling. The report must be dismissed.

So *ordered.*

Harvey Beit, for the plaintiff.

Arthur J. Travers, for the defendant.

*Southern District*