*Northern District*
No. 5817
**DOROTHE L. GRAVIN**
v.
**JOSEPH V. STUART, et al**
April 7, 1964

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Whitney, J.* in the District Court of Central Middlesex. No. 20070.

*Parker, J.* This is an action of contract to recover $1500.00 the purchase price for the sale of a lot of land alleged to have been sold by the plaintiff to the defendants 15 *May,* 1961, and also to recover $4500.00 the price of three other lots of land alleged to have been sold by plaintiff to defendants, 11 *September,* 1961. Defendants' answer is a general denial, payment, statute of frauds and deceit.

The defendants during the year 1961 were real estate dealers, who dealt in real estate in Littleton. The plaintiff on *May* 15 *and* 16, 1961 acquired title to four lots of land in Littleton, of these lots two known as ‡68 and ‡69 were contiguous. From the latter part of *May* to 11 *September,* 1961, agents respectively of the plaintiff and the defendants conducted negotiations for the sale of the lots

and both defendants and plaintiff were represented by counsel.

On 11 *September,* 1961 the defendants signed two promissory notes payable to the plaintiff. One of these notes, back-dated to 15 May 1961, was in the amount of $1500.00 payable "on or before *September* 11, 1962, provided however, when the lot hereinafter listed has been sold or mortgaged, except in the instance of a mortgage, the sum of $1500.00 shall be due within 60 days of the date of the mortgage, otherwise $1500 is payable on the day of the sale. Lot #69 Meadow Brook Road, Littleton, Mass." The second note was dated *September* 11, 1961 and was in the amount of $4500.00 payable "in or within one (1) year, provided however, when each of the three (3) lots hereinafter listed have been sold or mortgaged, except in the instance of a mortgage, the sum of $1500.00 shall be due within 60 days of the date of the mortgage, otherwise $1500.00 is payable on the day of the sale. Lot #64 Town Road, Littleton, Mass., Lot #68 Goldsmith St. and Meadow Brook Rd., Littleton, Lot #3435-3439 Goldsmith St., Littleton, Mass".

Both notes were signed by the defendants.

Deeds for all four lots were delivered by the attorney for the plaintiff to the attorney for the defendants on *September* 11, 1961. The deed for Lot #69 was postdated to *May* 15, 1961, the deeds for the other three Lots were dated *September* 11, 1961. The grantor in all deeds was the plaintiff and the grantee

in the deed for Lot #96 was left blank, but the grantees in the other three deeds were the defendants. The deeds were acknowledged and had proper documentary stamps attached and their validity was not raised at the trial. The deeds have not been recorded, but have remained with counsel for defendants to the date of trial.

Subsequent to 11 *September*, 1961, defendants discovered that one of the lots was not large enough so that under the zoning by-laws of Littleton only three houses could be built on the lots, instead of four as was the intention of the defendants. The defendants never sold the lots and the plaintiff brought this action of contract which was entered 1 *October* 1962.

*At the trial, the following evidence was admitted "de bene".* In the Spring of 1961, one George Erickson came to the defendants and offered to sell them the four Lots and told them that he, Erickson, was the real owner; that the plaintiff was a straw; that the defendants could pay for the lots from money to come from the construction loans on the four houses to be built, and that if they could not obtain a mortgage to build the four houses, the deal would be off. From these representations of Erickson, the defendants understood four houses could be built on the land. The plaintiff testified that she had never authorized Erickson to act as her agent, but had asked him as a friend to help her get a customer for the land. On the objection of

the plaintiff to this testimony, the objection was sustained, the court finding that Erickson had no authority to act as agent for the plaintiff, and the evidence was excluded. The defendants requested a report on this ruling of the court.

The court found that delivery of the deeds by counsel for plaintiff to counsel for defendants was not conditional, and further that counsel for the defendants had authority to accept the deeds for the defendants.

The declaration has not been made a part of the report. In the "Findings and Rulings" of the court, there was a finding for the plaintiff on Count 1 for $1500.00, the amount of the note dated *May* 15, 1961, and for the plaintiff on Count 2 for $4500.00, the amount of the note dated *September* 11, 1961.

The defendants filed four requests for rulings of law which together with the court's action thereon are reading as follows:

1. Oral evidence may be introduced to show the entire contract or agreement where only part, if any, of the contract is in writing. *Allowed. See findings.*

2. In order to enforce *an oral contract* within the statute of frauds, there must be proof both of the existence of the oral contract itself and of the *independent and additional fact of a memorandum in writing* containing the terms of the same oral contract insofar as it is sought to enforce them. The burden of such proof is upon the plaintiff. *Allowed. See findings.*

3. Delivery of a deed with intent to pass title

is a question of fact and title does not pass until all conditions are met. *Allowed. See findings.*

4. The plaintiff in order to be able to recover in an action of contract must show that all conditions of the contract have been performed by the plaintiff, and that the plaintiff has not been guilty of any act which would be detremental to the defendant in relation to said contract. *Allowed. See findings.*

The notes which were given by the defendants to the plaintiff in accord with the agreement call for payment on a date certain, *September* 11, 1962 on the first note, and one year from the date of the second note which was *September* 11, 1961. The notes make provisions for other methods of payment in case the property is mortgaged or sold. There is no evidence that the property was mortgaged or sold by the defendants, and in fact the report shows that the defendants have never recorded the deeds. The suit has been brought after *September* 11, 1962, the date the notes were due.

The defendants offered the evidence, which the court has excluded, to show that they signed the notes because one Erickson told them that Erickson was the true owner and the plaintiff merely a straw, that four houses could be built on the land, and that if the defendants could not obtain a mortgage or build four houses, the deal would be off, and that Erickson was the agent of the plaintiff.

Assuming, but not deciding, that Erickson was the plaintiff's agent, and made the oral

promise that the deal would be off if the plaintiff was unable to build four houses on the land, would this constitute a defense to this suit?

█ The notes are a written memoranda of the oral contract entered into by the parties as to the sale of the lots. The evidence offered varied the terms of the written memoranda signed by the defendants. Oral evidence is not admissible to vary the terms of a written instrument signed by the parties unless there was a condition precedent to the taking effect of the instrument. *Howland v. Plymouth,* 319 Mass. 321, 324.

In the case at bar, the evidence shows that the oral agreement alleged by the defendants created a condition subsequent. The deal was to be off only in case the defendants found they could not build four houses on the Lots, which was an event which would happen subsequent to the signing of the writing (the notes) by the defendants. *O'Malley v. Grady,* 222 Mass. 202. See: *Howland v. Plymouth,* 319 Mass. 321, 324.

█ Oral evidence will be admitted if it is offered to show that the instrument was entered into because of a mistatement of fact. *Harris v. Delco Products, Inc.,* 305 Mass. 362, 364.

█ The evidence offered by the defendants does not show any mistatement of fact, fraudulent or otherwise by the plaintiff. An oral representation at the time of, or before the signing of a written contract that some-

thing would be done thereafter, cannot be true or false when made, and is not fraud even though the person making the oral representation knows he cannot perform it. *Knowlton v. Keenan,* 146 Mass. 86.

■ Oral evidence may be admitted to show that consideration stated in a written agreement is not as stated in the writing. *Maybury Shoe Co. v. Izenstatt,* 320 Mass. 397, 404. But in the case at bar, the court has found that the consideration for the notes was the lots.

■ It is also true that an oral agreement not to sue may be put in evidence when the maker of a note has received no consideration for the note as when he is an accomodation maker. *Quincy Tr. Co. v. Woodbury,* 299 Mass. 565.

There was no evidence that the defendants were accomodation makers.

■ The evidence which the defendants sought to introduce was properly excluded under the parole evidence rule. The notes contain an unconditional promise to pay, and the evidence of the oral agreement would vary the terms of the written agreement as shown by the notes and would not be a defense to this action. *Buckley v. Hacking,* 258 Mass. 525, 526; *Dodge v. Bowen,* 264 Mass. 208, 212-213; *O'Malley v. Grady,* 222 Mass. 202; *Spevack v. Budish,* 238 Mass. 215; *Freeman v. Sieve,* 323 Mass. 652, 654.

There was no error in the court's action in the defendants' request #1. The court

granted the request, but has found that the entire contract was set up in the notes, and the court was not in error in so finding. (See *supra*).

The plaintiff has sustained the burden of proof that the alleged oral contract would be no defence to this action, and there was no error in the court's action on the defendants' request ‡2. (See *supra*).

There was no error in the court's action on the defendants' request ‡3. The court granted the request but from its findings, it has found as fact that the deeds were delivered to the attorney for the defendant with the intent to pass title and that the deeds were consideration for the notes given.

There is no error in the action of the court upon the defendants' request ‡4. (See *supra*).

Since the court made no error, the *report will be dismissed.*

Wilson & McCabe, of Maynard, for the Plaintiff.
Leonard E. Rae, of Concord, for the Defendant.