CHARLES PATCH *vs*. MAYOR OF REVERE & another[1]
(and a companion case[2]).

Suffolk. March 5, 1986. — April 29, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Police,* Polygraph test. *Constitutional Law,* Polygraph test, Public employ-
ment. *Due Process of Law,* Polygraph test. *Public Employment,* Police,
Polygraph test.

Constitutional guarantees of due process of law did not require that the mayor
and the chief of police of Revere be enjoined from ordering certain
police officers to submit to polygraph examinations in connection with
an investigation by State police into allegations that some Revere police
officers had illegally obtained access to a civil service examination for
promotion to the rank of sergeant. [455-458]

CIVIL ACTIONS commenced in the Superior Court Department
on April 9 and April 10, 1985, respectively.

Motions for injunctive relief were heard by *Hiller B. Zobel,* J.

After report to the Appeals Court, the Supreme Judicial
Court granted a request for direct review.

*Richard I. Clayman (Jeffrey Mickelson* with him) for Joseph
Marshall & another.

*James E. Riley, Jr.,* for Charles Patch.

*Richard B. Villiotte,* City Solicitor, for the defendants.

WILKINS, J. On April 29, 1985, a Superior Court judge
denied the request of the plaintiff Revere police officers for
an injunction against the mayor and the chief of police of
Revere that would protect the plaintiffs against having to submit

---

[1] The acting chief of police of Revere. We shall refer to the acting chief
of police as the chief of police.

[2] Joseph Marshall and Daniel Flynn *vs*. Mayor of Revere and the acting
chief of police.

to polygraph examinations. The judge conditioned that order on the defendants' complying with specific procedures.[3] The plaintiffs appealed from the judge's order and asked him to stay the order pending appeal. He allowed the stay and reported each case to the Appeals Court. We granted the plaintiffs' request for direct appellate review.[4]

The facts seem not to be in dispute. The State police, with the cooperation of the mayor and chief of police, began an investigation into allegations that certain Revere police officers had illegally obtained access to the October, 1983, civil service examinations for promotional appointments to the rank of sergeant. See G. L. c. 31, § 59 (1984 ed.). The chief of police ordered the plaintiffs, each of whom had taken and passed the examination, to submit to a polygraph examination in connection with the ongoing criminal investigation. Each plaintiff declined to do so, asserting that the chief's order abridged his constitutional rights.

A public employer has authority to compel an employee, under threat of discharge for noncooperation, to answer questions reasonably related to the employee's ability and fitness to perform his official duties. *Broderick* v. *Police Comm'r of Boston,* 368 Mass. 33, 39-43 (1975), cert. denied sub nom. *Broderick* v. *DiGrazia,* 423 U.S. 1048 (1976). See *Gardner*

---

[3] The judge's order required the defendants to: (1) serve each person with a written order to submit to a polygraph examination, specifying "the reason for the examination, particularly that aspect of [the person's] performance of his official duties to which the questions . . . during the polygraph examination will relate"; (2) provide each person with a "guarantee of 'use' immunity, as that term is commonly understood"; (3) have the examination conducted by a qualified expert who is not an employee of the Commonwealth or any political subdivision; and (4) give each person's counsel, without charge, a transcript of the examination, a copy of all materials produced by the polygraph device, and a copy of the examiner's written report.

[4] The judge purported to report the cases in their entireties under Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The report recites neither factual findings nor an agreement as to facts, one of which is required for a Superior Court judge's report of an entire case. We construe the judge's action as a report under rule 64 of an interlocutory order which "so affects the merits of the controversy that the matter ought to be determined by the Appeals Court before any further proceedings in the trial court."

v. *Broderick,* 392 U.S. 273, 278 (1968). Cf. *Commonwealth* v. *Harvey, ante* 351, 356 (1986). As a matter of constitutional principle, any answers given to such questions may not be used against the employee in a criminal proceeding. *Garrity* v. *New Jersey,* 385 U.S. 493, 500 (1967). Indeed, because immunity follows in the circumstances as a matter of constitutional right, an express grant of immunity seems unnecessary. See *Hester* v. *Milledgeville,* 777 F.2d 1492, 1496 (11th Cir. 1985). In any event, the judge did condition each plaintiff's obligation to submit to a polygraph examination upon an express grant of "use" immunity. The plaintiffs do not argue here that, in the circumstances, art. 12 of the Massachusetts Declaration of Rights creates, or requires an express grant of, transactional immunity rather than simple use immunity. See *Attorney Gen.* v. *Colleton,* 387 Mass. 790, 796-798 (1982).

We have held that a police department's authority to examine employees relative to allegations of criminal conduct is the same for both conventional interrogations and polygraph examinations. *Baker* v. *Lawrence,* 379 Mass. 322, 332 (1979). Because the Legislature specifically excepted law enforcement agencies from the prohibitions of G. L. c. 149, § 19B (1984 ed.), there are no statutory "restrictions on a police department's testing of its own employees in the course of criminal investigations." *Local 346, Int'l Bhd. of Police Officers* v. *Labor Relations Comm'n,* 391 Mass. 429, 440-441 (1984). Section 19B permits a police department to request an employee to submit to a properly administered polygraph examination "with implied job sanctions if the employee finally declines." *Baker* v. *Lawrence,* 379 Mass. 322, 327 (1979).

The plaintiffs rely principally on an argument not addressed in our previous decisions, a claim that sanctions for refusal to submit to polygraph examinations would violate their due process rights under the State and Federal Constitutions. The trial judge so viewed their claim, and the plaintiffs' briefs here are similarly directed.[5]

---

[5] The plaintiff Patch's passing reference in his brief to a Fifth Amendment right against being forced to choose between taking the examination and forfeiting his source of livelihood is disposed of in *Baker* v. *Lawrence,* 379 Mass. 322, 333 (1979).

In considering these due process claims, we need not be concerned with the use to which the city may properly put the results of any polygraph examination. The plaintiffs have a statutory right to a pretermination hearing. G. L. c. 31, §§ 41-45 (1984 ed.). If there exists a fatal objection to the use of polygraph results in a statutory discharge "for cause" proceeding, the record here does not show it, and, in any event, the point can be raised and decided in subsequent proceedings. See *Baker* v. *Lawrence,* 379 Mass. 322, 332 n.17 (1979); *Hester* v. *Milledgeville,* 777 F.2d 1492, 1496 (11th Cir. 1985).

We have noted that, despite limitations on the evidential use of its results in criminal proceedings, polygraph testing may further both the proper needs of certain criminal investigations and the public's interest in preserving the credibility and the integrity of its police force. See *Local 346, Int'l Bhd. of Police Officers* v. *Labor Relations Comm'n,* 391 Mass. 429, 439-440 (1984); *Baker* v. *Lawrence, supra* at 328 notes 9 & 11. On its face, a request that one submit to a polygraph examination is not so irrational as to raise a substantive due process question, as would, for example, a request that an issue be resolved by trial by ordeal. Our cases have suggested that refusal to submit to an examination, whether by polygraph or otherwise, would constitute good cause to discharge a tenured police officer. See *Local 346, Int'l Bhd. of Police Officers* v. *Labor Relations Comm'n, supra* at 440-441; *Baker* v. *Lawrence, supra* at 332; *Silverio* v. *Municipal Court of the City of Boston,* 355 Mass. 623, 630, cert. denied, 396 U.S. 878 (1969). These opinions have not dealt explicitly with the contention raised here that, even if such a discharge would not violate rights against self-incrimination, it would violate due process rights. There appears to be little case authority to support the plaintiffs' due process argument. See generally Annot., 15 A.L.R.4th 1207 (1982 & Supp. 1985). Although the plaintiffs cite two opinions barring discipline against police officers solely for refusing to submit to polygraph examinations, neither was decided explicitly on due process grounds. See *Farmer* v. *Fort Lauderdale,* 427 So.2d 187, 191 (Fla.), cert. denied, 464 U.S. 816 (1983); *Kaske* v. *Rockford,* 96 Ill. 2d 298, 310-311, cert. denied, 464

U.S. 960 (1983). Moreover, each opinion treats the imposition of polygraph examinations on public employees as improper because, unlike in this State, it was clear that no evidence relating to such tests would be admissible in subsequent proceedings.

We need not decide here whether failure to comply with an order to submit to a polygraph examination could after a hearing by itself be "just cause" to discharge a police officer. We do decide that due process does not require that the mayor and chief of police be enjoined from insisting that the plaintiffs comply with properly issued orders directing them to submit to polygraph examinations.

The judge's order denying the plaintiffs' requests for injunctions is affirmed.

*So ordered.*