CITY OF SPRINGFIELD vs. CIVIL SERVICE COMMISSION
& another. [1]

Hampden. September 13, 1988. — December 19, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Police*, Discharge. *Civil Service*, Termination of employment, Judicial re-
view. *Constitutional Law*, Public employment, Self-incrimination. *Pub-
lic Employment*, Police, Termination. *Witness*, Immunity. *Practice,
Civil*, Consolidation of actions.

Where the Civil Service Commission ordered reinstatement of a city police
officer who had been dismissed for refusing to answer questions about
alleged drug use within the city's police department without an express
grant of immunity from criminal prosecution, it was error for a Superior
Court judge, in an action for relief in the nature of certiorari, to set
aside the commission's decision and affirm the officer's dismissal, where
the city failed to show that any error of law by the commission had
adversely affected the city's material rights. [615]

CIVIL ACTION commenced in the Superior Court Department
on October 1, 1985.

The case was heard by *John F. Murphy, Jr.*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*James M. Smith* for John Lynch.

*Suzanne E. Durrell*, Assistant Attorney General, for Civil
Service Commission.

*Richard T. Egan*, City Solicitor, for the city of Springfield.

NOLAN, J. The Springfield board of police commissioners
twice suspended and then dismissed Officer John Lynch in
1984 for his refusal to answer questions about alleged drug
use within the police department without an express grant of

[1] John Lynch.

immunity from criminal prosecution. Lynch appealed his dismissal to the Civil Service Commission (commission), which ordered the city to reinstate him. The city appealed the commission's decision to the Superior Court in this action in the nature of certiorari under G. L. c. 249, § 4 (1986 ed.). On the city's motion for summary judgment, a Superior Court judge reversed the commission and reinstated Lynch's dismissal. Lynch and the commission appealed, contending that the city's actions violated Lynch's privilege against self-incrimination under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. We transferred the case from the Appeals Court on our own motion.

The burden fell on the city to prove that an error of law occurred in the administrative review that significantly infringed upon its rights. See *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 807 (1972). We hold that the city did not meet its burden.

In April of 1984, two Springfield police officers were arrested for drug-related activity. These arrests sparked an internal investigation by the Springfield police department into possible illegal drug use by its officers.

On June 1, 1984, the Springfield police chief, Paul J. Fenton, ordered Lynch and two other officers to answer questions and submit to polygraph examinations regarding alleged drug activities. The written order stated, in part: "You may have legal counsel available to assist you. In accordance with *Broderick* v. *Police Commissioner of Boston*, . . . 'anything the officer relates concerning the charge against him cannot be used in evidence in a criminal court.'" *Broderick* v. *Police Comm'r of Boston*, 368 Mass. 33, 38 n.3 (1975), cert. denied, 423 U.S. 1048 (1976), citing *Garrity* v. *New Jersey*, 385 U.S. 493 (1967). These three officers filed an action for a declaratory judgment and for injunctive relief in Superior Court,[2] contending

---

[2] *Doe* v. *Springfield, post* 1010, is Lynch's appeal of the Superior Court judge's allowance of a motion for summary judgment for the city on grounds that the questioning did not violate Lynch's constitutional rights and that the city did not force him to waive his right against self-incrimination.

the proposed questioning violated their constitutional rights. The Superior Court judge denied the officers' motion for a temporary restraining order on July 5, 1984, and declared the rights of the officers and the police department. The judge's memorandum stated, among other things, that the police department could ask questions "specifically, narrowly and directly related to the performance of the officers' official duties," but that "[a]bsent a valid granted immunity, the officers may exercise their constitutional rights and refuse to answer questions."

Four days after the Superior Court judge's decision, the police department again ordered Lynch to answer questions about his fitness as a police officer. The order from the police internal investigation unit (I.I.U.) stated that the questions were not directed merely at Lynch's fitness for duty but also sought information for a criminal investigation of certain police officers. Lynch appeared for the interrogation with his attorney. A deputy chief, Thomas Fitzgerald, of the Springfield police department read Lynch his rights, including the warning that anything he said could be used against him in court. Lynch refused to answer unless he received an express grant of immunity. The next day, Police Chief Fenton imposed a five-day suspension on Lynch for his refusal to answer.

After Lynch returned to work, the chief again ordered him to answer questions before the I.I.U. That session took place on July 26, 1984. Again, another deputy chief, Robert P. Flanagan, advised Lynch that his testimony could be used against him. The deputy chief acknowledged that Lynch refused to waive his right against self-incrimination but advised him that he must answer or face departmental disciplinary proceedings. As he had done in the previous interview, Lynch refused to answer unless "given a grant of immunity in accordance with the Constitution of Massachusetts." The chief suspended Lynch for another five days and then the board of police commissioners discharged him on August 3, 1984.

Lynch appealed his suspensions and dismissal to the Civil Service Commission. A hearing officer recommended Lynch be reinstated because of the contradiction between the department's order stating his answers could not be used against him

criminally and the deputy chief's warning that his answers could be used against him. The commission accepted the hearing officer's recommendation and ordered Lynch reinstated on September 11, 1985. An appeal to the Superior Court was perfected.

On March 20, 1987, the Superior Court judge reversed the decision of the commission and affirmed the actions of the board of police commissioners in imposing the suspensions and the discharge.

The commission had evaluated the record before it on the basis that a public official's privilege against self-incrimination was adequately protected by a grant of use immunity. The commission decided, however, that the confusion engendered by giving Lynch a Miranda warning that his answers could be used against him while simultaneously assuring him his answers could not be used against him rendered ineffective any "exclusionary rule" or use immunity that might have arisen from the circumstances. The Superior Court judge also ruled that both the United States Constitution and art. 12 of the Massachusetts Declaration of Rights require only use immunity to compel public employees to testify. See *Patch* v. *Mayor of Revere*, 397 Mass. 454, 456 (1986). While our holding today in *Carney* v. *Civil Service Commission*, ante 604, shows that the commission and the judge applied an overly narrow standard in ruling mere use immunity sufficient under art. 12, that error of law infringed significantly not on the rights of the city, but on the rights of Lynch. Thus, the city failed to show that the commission committed a substantial error of law adversely affecting the city's material rights.

The judgment is reversed and a new judgment shall be entered reinstating the decision of the Civil Service Commission.[3]

*So ordered.*

---

[3] We also hold that the Superior Court judge did not abuse his discretion in refusing to consolidate this case with *Doe* v. *Springfield, post* 1010, a case arising from some of the same facts but not including the commission as a party. The plaintiff in *Doe* v. *Springfield* sought review of a declaratory judgment, not review of administrative action. Though a judge may order consolidation under Mass. R. Civ. P. 42 (a), 365 Mass. 805 (1974), when there are common questions of law or fact, it is discretionary. Consideration of potential delay and confusion alone may warrant denying consolidation. See *Contintental Bank & Trust Co.* v. *OL. s. E.D. Platzer*, 304 F. Supp. 228, 229 (S.D. Tex. 1969).