NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-605

TRUSTEES OF THE 10 PORTER STREET CONDOMINIUM TRUST

vs.

ELIZABETH R. CERDA (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

These consolidated cross appeals arise from a longstanding dispute between the plaintiffs, who are the Trustees of the 10 Porter Street Condominium Trust, and the defendants, Elizabeth R. Cerda and Carmen R. Berges, who are two condominium unit owners. Berges appeals from a Superior Court judgment assessing penalties and fines against her for having affixed a camera to the railing of the porch of her unit, as well as an award to the plaintiffs of a portion of their claimed attorney's fees. The plaintiffs appeal from the judge's ruling that three other cameras affixed to the defendants' units did not violate the condominium master deed or declaration of trust (collectively, condominium documents). We affirm.

---

[1] Trustees of the 10 Porter Street Condominium Trust vs. Carmen R. Berges.

Background.  Much of the lengthy procedural history of this case is set forth in Trustees of the 10 Porter St. Condominium Trust v. Cerda, 99 Mass. App. Ct. 1106 (2021) (Cerda I), an unpublished rule 23.0 memorandum and order, and need not be repeated here.  In Cerda I, a panel of this court affirmed so much of the 2019 judgments entered in these cases (the 2019 judgments) as assessed unpaid condominium fees and special assessments against each defendant.[2]  However, the Cerda I panel vacated so much of the 2019 judgments as ordered the defendants to pay penalties, fines, and late fees in the amounts of $60,125 (Cerda) and $60,600 (Berges).  Cerda I, slip op. at 18-19.  The panel remanded the case to the Superior Court "for a judicial determination of the basis for, and legality of, the penalties and late fees," and whether a statement of the defendants' counsel to another Superior Court judge at a May 1, 2018 hearing constituted a representation that penalties and late fees would not accumulate.  Cerda I, slip op. at 15.

On remand, the defendants moved pursuant to Mass. R. Civ. P. 42 (a), as amended, 423 Mass. 1402 (1996), to consolidate these cases with another Superior Court case, Cerda v. Dunn,

_____

[2] After the Cerda I rescript entered, a Superior Court judge entered confirming judgments imposing unpaid condominium fees and special assessments in the amounts of $34,304.77 (against Cerda) and $31,391.08 (against Berges).  There is no dispute that the defendants satisfied so much of those judgments.

2

Essex Sup. Ct. No. 1877CV00561C, in which these defendants sought a declaratory judgment against the plaintiffs. The motion was denied. Less than two months later, the defendants renewed their motion to consolidate Cerda v. Dunn with the present matters, which a different judge, the same judge to later rule on the issues remanded by the Cerda I panel, again denied.

The judge held a three-day evidentiary hearing, at which both plaintiffs and both defendants testified; numerous exhibits were admitted in evidence. After the plaintiffs had rested their case, the judge noted that they might not have met their burden to show that the cameras violated the condominium documents. Ultimately, the judge concluded that the condominium documents did not prohibit cameras, the cameras affixed to the window frames were within the defendants' respective units, and thus only one camera -- the one affixed to Berges's porch railing (porch camera) -- violated the condominium documents. Accordingly, judgment entered in Cerda's favor. As to Berges's porch camera, the judge concluded that the fifty dollar per day fine assessed by the plaintiffs was not reasonable, as required by G. L. c. 183A, § 10 (b) (5), and that a reasonable fine would be ten dollars per day. The judge assessed penalties and fines against Berges in the amount of $7,980. The judge also

3

concluded that the amount of the late fees that the plaintiffs had assessed against Berges was unreasonable as a matter of law.

Pursuant to G. L. c. 183A, § 6 (b), and the condominium documents, the judge imposed an $18,152.36 attorney's fees award against Berges. Arguing that the plaintiffs' claims were frivolous and not advanced in good faith, the defendants moved pursuant to G. L. c. 231, § 6F, for attorneys' fees and costs, which the judge denied. The parties cross-appealed.[3]

Discussion. Motions to consolidate. The defendants argue that the judge erred in denying their motions pursuant to Mass. R. Civ. P. 42 (a) to consolidate this case with their declaratory judgment action against the plaintiffs. The defendants contend that the lack of consolidation of the actions prejudiced them because it meant that the judge considered the legality and amount of the fines "in a vacuum." The plaintiffs counter that the judge properly denied the motion to consolidate because the scope of the declaratory judgment action is far broader than the issues presented in Cerda I.

---

[3] Because judgment entered in Cerda's favor, it would appear that her appeal is moot. See Lynn v Murrell, 489 Mass. 579, 582-583 (2022). Asked at oral argument why her appeal is not moot, Cerda replied that she pursued the appeal in order to respond to the plaintiffs' arguments that her cameras violated the condominium documents and because she disagreed with the judge's findings of fact. Because her claims are duplicative of those raised by Berges, we proceed to adjudicate Cerda's appeal.

4

We review the denial of a motion to consolidate for abuse of discretion.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Consolidation under Mass. R. Civ. P. 42 (a) is "discretionary," and "potential delay and confusion alone may warrant denying consolidation."  Springfield v. Civil Serv. Comm'n, 403 Mass. 612, 615 n.3 (1988).  The initial motion judge denied the defendants' motions to consolidate because the declaratory action judgment was "substantially broader in scope and is [in] a much earlier procedural stage in a separate session in Lawrence Superior Court."  The judge did not abuse his discretion.

Cameras affixed to window frames.  The plaintiffs argue that cameras affixed to the window frames of both defendants' units violated section 19(c) of the master deed and rules 4, 6, and 14 of the declaration of trust.  We review de novo the judge's interpretation of the condominium documents.  See Gutierrez v. Board of Managers of Flagship Wharf Condominium, 100 Mass. App. Ct. 678, 679 (2022).

At the hearing, the judge noted that the plaintiffs' notices to the defendants stated only that the cameras violated the condominium documents, which the judge interpreted to "define a unit basically from the outside pane in."  The plaintiffs' counsel agreed with that interpretation of the condominium documents as to the parameters of the units.

5

The plaintiffs argued, as they argue again on appeal, that even if the condominium documents did not explicitly prohibit the cameras affixed to the defendants' window frames, the plaintiffs had broad authority to fine the defendants because the cameras constituted a nuisance and interfered with other occupants' peaceful possession in violation of section 19(f) of the master deed. The judge declined to find that the cameras were a nuisance, noting that "self-installed security cameras on private property have become fairly commonplace in this day and age." The judge specifically did not credit the plaintiffs' testimony that the cameras caused "people" to "feel uncomfortable." Based on his observations of the parties in court, the judge noted "open hostility" by the plaintiff trustees toward the defendants, which he concluded "led the [t]rustees to feel 'harassed' and to assess the camera fines against the defendants without first ensuring they had sufficient information and specific grounds based on provisions of the condominium documents." We defer to the judge's findings that were based on the demeanor and credibility of witnesses. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 553 (1997).

The judge concluded that it would be "unreasonable and unfair" for the plaintiffs to recover fines from the defendants on grounds for which the plaintiffs had not given notice. We

6

agree.  As we noted in Cerda I, "the statute authorizing the assessment of fines requires that they be 'reasonable.'"  Cerda I, slip op. at 15, quoting G. L. c. 183A, § 10 (b) (5).  It was within the judge's discretion to conclude that fines are not "reasonable" if imposed without notice of the basis.[4]

Berges's porch camera.  Berges argues that the judge erred in concluding that her porch camera violated rule 2 of the declaration of trust, which provides, "nor shall anything be stored in the Common Elements without the prior consent of the Board of Trustees."  Berges contends that rule 2 does not apply to her porch camera because she had exclusive use of the porch, and therefore it was a "limited common area" as defined in G. L. c. 183A, § 1.

The master deed defines the "Common Elements" to include "the entire Condominium, including all parts of the Building other than the Units," including "[t]he balconies of the Building . . . , provided, however, that each Unit Owner shall have a license for the exclusive use of the balcony . . . extending from the exterior wall of h[er] Unit."  Interpreting that provision of the master deed, the judge concluded that Berges's porch camera was within the boundaries of the common

---

[4] We decline to reach the plaintiffs' argument that the judge should have deferred to their "business judgment" on what fines were reasonable.

elements and not within her unit.  The judge noted that the condominium statute would define a unit to encompass an appurtenant balcony "if . . . stipulated in the master deed as being owned by the unit owner," G. L. c. 183A, § 1 "Unit," but here the master deed did not grant Berges ownership of the balcony, only a "license" to use it exclusively.  Reviewing de novo the judge's interpretation of the condominium documents, see Gutierrez, 100 Mass. App. Ct. at 679, we agree that Berges's porch camera violated rule 2.

Reasonableness of amount of fines for Berges's porch camera.  The judge concluded that the fifty dollar per day fine that the plaintiffs imposed on Berges for her porch camera was not "reasonable" as required by G. L. c. 183A, § 10 (b) (5). The plaintiffs argue that the judge abused his discretion in making that determination, because the word "reasonable" in § 10 (b) (5) refers only to whether the imposition of a fine was reasonable, not to whether the amount of the fine was reasonable.  The judge concluded that the reasonableness requirement in § 10 (b) (5) applied to both the imposition of the fine and its amount, and "[t]o hold otherwise would mean that the Legislature intended to grant condominium trustees unfettered authority to impose any amount of fine."  We agree with the judge that fifty dollars per day was an unreasonable amount, and that ten dollars per day is reasonable.  See Board

8

of Health of Northbridge v. Couture, 95 Mass. App. Ct. 296, 301 & n.6 (2019).

Conversely, Berges argues that the judge committed clear error in assessing any fines against her, because the plaintiffs acted in bad faith and gave testimony that the judge found was not credible. The defendants contend that the judge should have found that the plaintiffs acted in bad faith because they implicitly promised that they would stop levying fines when, at a May 1, 2018 hearing, their counsel represented to another Superior Court judge that "nothing is going to change the status quo." In considering whether to impose fines on Berges, this judge concluded, "[b]ased on . . . [a] close reading of the transcript," that what the plaintiffs' counsel meant was that they "would not foreclose on any statutory lien," and did not represent that the plaintiffs would stop accruing or waive fines and late fees against the defendants while awaiting a ruling on summary judgment. Having reviewed the hearing transcript, we concur. The judge's memorandum of decision makes clear that in setting the amount of the fine he considered, among other factors, the plaintiffs' conduct and what amount would serve as a "significant deterrent" to unit owners to refrain from violating the condominium rules. We discern no abuse of his

9

discretion.[5]  See Board of Health of Northbridge, 95 Mass. App. Ct. at 301 & n.6.

Attorney's fees.  Berges argues that the judge erred in assessing $18,152.36 in attorney's fees against her, because that amount was far greater than the amount of damages yielded from the expenditure of attorney's fees -- i.e., the fines totaling $7,980.

Pursuant to G. L. c. 183A, § 6 (b), and article III, section 7 of the declaration of trust, the plaintiffs were entitled to an award of reasonable attorney's fees.  See Eastern Holding Corp. v. Congress Fin. Corp., 74 Mass. App. Ct. 737, 743 (2009).  "The party seeking attorney's fees bears the burden of showing that the amount sought is reasonable."  WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005).  We review a determination of a reasonable attorney's fee for abuse of discretion.  See Brady v. Citizens Union Sav. Bank, 91 Mass. App. Ct. 160, 161 (2017).

---

[5] The judge concluded that the late fees that the plaintiffs sought against Berges in the amount of twenty-five dollars per month per outstanding invoice, totalling $20,875, would be unreasonable as a matter of law and would "result in a windfall" for the plaintiffs.  The judge declined to impose late fees. The plaintiffs do not raise the issue on appeal but, in any event, we discern no abuse of discretion.  See Craft v. Kane, 65 Mass. App. Ct. 322, 328 (2005) (award of interest should not "result in a windfall").

10

We note that the judge substantially reduced the amount of attorney's fees sought, for reasons including that only one of the defendants' four cameras violated the condominium documents; the plaintiffs' documentation of attorney's fees was insufficiently detailed; and the amounts sought were excessive, redundant, and pertained to unrelated matters. We discern no abuse of the judge's discretion.

Evidentiary issues. The defendants argue that the judge erred in two respects in his conduct of the hearing. First, they contend that the judge erred in denying their motion to strike certain invoices admitted in evidence as exhibits, which they contend were not properly authenticated. Rather than striking the exhibits, the judge ruled that the defendants could offer other copies of the invoices, and permitted them wide latitude in cross-examining the plaintiffs about the exhibits. We discern no abuse of discretion.

Second, the defendants argue that the judge improperly interrupted their presentation of evidence and imposed arbitrary time limits, which hampered them from proving that the plaintiffs acted in bad faith. During Cerda's cross-examination of one of the plaintiffs about whether the condominium documents prohibited cameras, the judge excused the witness and then elicited from the plaintiffs' counsel a concession that in fact the condominium documents did not do so. The judge's action was

11

appropriate.  See Commonwealth v. Carter, 475 Mass. 512, 526

(2016) (judge must be "the directing and controlling mind at the

trial, and not a mere functionary to preserve order and lend

ceremonial dignity to the proceedings" [quotation omitted]).

See also Chandler v. FMC Corp., 35 Mass. App. Ct. 332, 338

(1993) ("a judge has wide discretion to impose reasonable limits

on the length of the direct and cross-examination of

witnesses").  Moreover, it did not prejudice the defendants, as

based on that questioning the judge concluded that the

condominium documents did not prohibit cameras.

Appellate attorneys' fees.  Both the defendants and the

plaintiffs seek an award of their respective appellate

attorneys' fees.  Those requests are denied.[6]

Judgments affirmed.

By the Court (Vuono, Henry &
Grant, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  May 16, 2023.

---

[6] To the extent that we do not address the parties' remaining contentions, they "have not been overlooked.  We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[7] The panelists are listed in order of seniority.